UNITED STATES of America,
Plaintiff-Appellee,

v.

Errol Ricardo BIZZARD,
Defendant-Appellant.

No. 78–5561.

United States Court of Appeals,
Fifth Circuit.

April 23, 1980.

Rehearings Denied June 20, 1980.

James F. Ponsoldt, Athens, Ga. (Court-appointed), for defendant-appellant.

David Roberson, Joseph D. Newman, Asst. U. S. Attys., Savannah, Ga., for the U. S.

Before GODBOLD, GARZA and RANDALL, Circuit Judges.

GARZA, Circuit Judge:

The Appellant Errol Ricardo Bizzard was indicted for the offenses of bank robbery committed by force and violence and by intimidation, putting in jeopardy the lives of two bank tellers in committing the above offense, and aiding and abetting a code-fendant pursuant to 18 U.S.C. § 2113(a), 18 U.S.C. § 2113(d) and 18 U.S.C. § 2, respectively. The Appellant was convicted by a jury and sentenced to twenty years in the custody of the Attorney General. We reverse.

On May 26, 1978, two men robbed the Trust Company Bank of Savannah in Savannah, Georgia. The two men fled from the bank on foot, one of them carrying a pillow case containing the stolen money.

After running a short distance, the two men separated. One of them, Samuel Sheppard Middleton, was immediately arrested by police. The other individual escaped capture at that time. Middleton informed FBI agents that the Appellant had been his cohort in the bank robbery. The Appellant was found at his parent's home by the agents and voluntarily accompanied them to the FBI office where he denied his involvement in the robbery.

In his charge to the jury, the trial judge instructed on the offense of bank robbery and defined the terms used in the indictment. The trial judge, however, went beyond the offenses charged in the indictment and instructed the jury on the crime of assault in connection with the commission of a bank robbery. Assault was not charged in the indictment.

The Appellant raises a number of challenges, including the amendment of the indictment by the district court in its instruction to the jury. Since this court finds that amendment to be a fatal one, it will not reach Appellant's other claims. The indictment's charge of taking money from employees of a federally insured bank by force and violence and intimidation closely track the words of 18 U.S.C. § 2113(a). The indictment's charge of putting the lives of two bank tellers in jeopardy while committing the above offense is taken from 18 U.S.C. § 2113(d). § 2113(d), however, makes it a crime if an individual,

> in committing . . . any offense defined in [§ 2113(a)], assaults any person, *or* puts in jeopardy the life of any person by the use of a dangerous weapon. . . . [emphasis added].

Although assault could have been charged in the indictment, the grand jury did not do so.[1] The definitions of assault

---

1. The indictment in this case reads as follows:

 THE GRAND JURY CHARGES:

 On or about the 26th day of May, 1978, in Chatham County, within the Southern District of Georgia, SAMUEL SHEPPARD MIDDLETON and ERROL RICARDO BIZZARD, whose other and further names are to the Grand Jury unknown, by force and violence and by intimidation, aided and abetted by each other, did take from the person and presence of Ernestine Bowens and Linda Faulkner Jackson about $10,160.53 in money belonging to and in the care, custody, control, management and possession of the Trust

and putting life in jeopardy are separate and distinct. An instruction on one offense does not include the other. A defendant has a substantial right to be tried solely on charges presented in an indictment returned by a grand jury. *See Stirone v. United States,* 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *United States v. Roach,* 321 F.2d 1, 4 (3rd Cir. 1963). That right is defeated when a defendant is later subjected to prosecution for an offense not charged by the grand jury. 361 U.S. at 218, 80 S.Ct. at 273.

 In the present case, the defendant was charged by the court with an additional element not presented by the grand jury. Since the jury might have convicted the Appellant on that extraneous element, the district court's error is clearly reversible. *See Stirone v. United States,* 361 U.S. at 219, 80 S.Ct. at 274; *United States v. Salinas,* 601 F.2d 1279, 1290 (5th Cir. 1979); *United States v. Carroll,* 582 F.2d 942, 944 (5th Cir. 1978). Since we reverse on the issue of trial error, Appellant may be retried without any violation of the double jeopardy clause. *See United States v. Fitzpatrick,* 581 F.2d 1221, 1224 n.4 (5th Cir. 1978). Although the court does not reach the additional challenges of the Appellant, this court assumes that any alleged errors raised by the Appellant will be avoided in the retrial of the case.

REVERSED AND REMANDED.

Company Bank of Savannah, 2505 Abercorn Street, Savannah, Georgia, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and SAMUEL SHEPPARD MIDDLETON and ERROL RICARDO BIZZARD, in committing the aforesaid offense, did put in jeopardy the life of the said Ernestine Bowens and Linda Faulkner Jackson by means and use of a dangerous weapon, that is, a pistol; said act done in violation of Title 18, United States Code, Section 2113(a), (d); and Title 18, United States Code, Section 2.