**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul D. YLDA, Defendant-Appellant.**

No. 79–5674.

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 14, 1981.

Ronald L. Goranson, Dallas, Tex., for defendant-appellant.

Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

On petition for rehearing, Ylda reasserts his contention that the trial judge's jury instruction impermissibly broadened the elements of the offense charged in the indictment, thus constituting reversible error. Having again fully reviewed the evidence, we find no possibility that it permitted the jury to convict Ylda based on the extraneous elements of the offense interjected by the trial court's charge. Therefore, the jury instruction, though improper, was harmless beyond a reasonable doubt and did not constitute reversible error.

In *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), the Supreme Court reversed a conviction for obstruction of interstate commerce under the Hobbs Act, 18 U.S.C. § 1951, because the indictment was improperly amended and the offense charged impermissibly enlarged by the trial court's jury instructions. Although the indictment charged only an interference with sand imports, the trial judge, having first erroneously permitted the government to offer evidence regarding an interference with the exportation of steel, committed reversible error by instructing the jury that they could base their verdict on a finding that the defendant caused an interference with steel exports, a charge not alleged in the indictment. "[B]ecause of the [trial] court's admission of evidence . . . under its charge [the interference with steel exports] might have been the basis upon which the trial jury convicted [the defendant]. If so, he was convicted on a charge the grand jury never made against him." *Stirone v. United States*, 361 U.S. at 219, 80 S.Ct. at 274, 4 L.Ed.2d at 258. Accordingly, to determine whether a trial court's jury instruction has impermissibly altered the offense alleged in the indictment thus requiring reversal, the "crucial question . . . is whether [the defendant] was convicted of an offense not charged in the indictment." *Stirone v. United States*, 361 U.S. at 213, 80 S.Ct. at 271, 4 L.Ed.2d at 254. *See Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887).

We have consistently adhered to both the holding and the reasoning articulated in *Stirone*. In *United States v. Bizzard*, 615 F.2d 1080 (5th Cir. 1980), the defendants were indicted for the offense of bank robbery perpetrated by putting in jeopardy the lives of two bank tellers using a dangerous weapon. The trial judge instructed the jury, closely tracking the language of the statute allegedly violated, that conviction could be based on a finding that the bank robbery was committed by means of an assault. We reversed the conviction because the trial court had impermissibly added a new element to the offense not charged by the grand jury. "Since *the jury might have convicted the [defendant] on that extraneous element*, the district court's error is clearly reversible." 615 F.2d at 1082 (emphasis added).

Similarly, in *United States v. Salinas*, 601 F.2d 1279 (5th Cir. 1979), the trial court's instruction modified an essential element of the offense alleged in the indictment by charging the jury that they could base a conviction for misapplication of bank funds on a finding that the defendant was, at the time of the misapplication, an officer, director, agent or employee of the bank, while the indictment charged the defendants only in their respective capacities as bank director and president. "Under *Stirone* this [was] fatal error requiring reversal, for [the defendants] *may have* been convicted on a ground not charged in the grand jury's indictment." 601 F.2d at 1290 (emphasis in original). *See United States v. Carroll*, 582 F.2d 942 (5th Cir. 1978) (jury instruction effectively amending the indictment by charging an extraneous crime as the object of the conspiracy count constituted reversible error); *United States v. Carlson*, 616 F.2d 446 (9th Cir. 1980) (conviction reversed because the instruction impermissibly broadened the scope of the indictment and permitted conviction for acts of misapplication of bank funds other than that act spelled out in the indictment).

However, we must distinguish between an expansive reading of the indictment that requires reversal and a variance

that is harmless error. The misconstruction of an indictment is reversible error if it is possible that the defendant was tried and convicted for a crime other than that alleged in the indictment. *See United States v. Bursten*, 453 F.2d 605, 607 (5th Cir. 1971) (dictum), *cert. denied*, 409 U.S. 843, 93 S.Ct. 44, 34 L.Ed.2d 83 (1972). If, on the other hand, it is clear that this could not have been the case, the trial court's refusal to restrict the jury charge to the words of the indictment is merely another of the flaws in trial that mar its perfection but do not prejudice the defendant.[1] The trial judge's luxuriant interpretation of the indictment *requires* reversal if, considering the evidence, it so modifies the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment. *United States v. Salinas*, 601 F.2d at 1290. Such an alteration of the elements of the offense charged is reversible error per se.

The indictment alleged that Ylda "did ... ask, demand, exact, solicit, accept and receive" the sums of $5,000 and $2,000 from two sales agents respectively on or about two specific dates. Thus, it charged him neither with actually receiving anything other than money nor with merely agreeing to receive anything. Therefore, the trial judge's instruction to the jury to the effect that the government might establish Ylda's guilt by proof that he *agreed to receive* a sum of money or *thing of value* went beyond the indictment and altered the elements of the offense as charged by the grand jury.

The testimony presented at Ylda's trial indicated that he received the sums listed in the indictment from the two named sales agents in the form of cash, money orders and cashier's checks, each of which is a form of money.[2] The evidence contained no suggestion that Ylda had merely agreed to receive, without actually receiving, any money or other thing of value. The prosecution testimony was unequivocal that Ylda actually received the sums of money charged in various forms. Ylda's defense was his own testimony that he did not receive any cash and that, although he received the money orders, they represented sums due him, not bribes. The case, as it went to the jury, was entirely a question of credibility.

Similarly, the evidence actually presented creates no possibility that Ylda's conviction was based on his receipt of anything of value other than money, whether represented by dollar bills, money order or check. There was uncontradicted testimony that one sales agent entertained Ylda, perhaps extravagantly, and that another agent ordered clothing merchandise for Ylda's personal use. Ylda was apparently billed for these items, but presumably did not actually pay for them. Contradictory testimony was presented regarding whether one of the agents provided Ylda with a telstar video game unit. The admissibility of this testimony is not questioned. The complaint is that the jury might have convicted Ylda for these peculations rather than for the acts charged in the indictment. However,

1. *See* 8 Moore's Federal Practice ¶ 7.05[1], at 7–40 (2d ed. 1980) (harmless error rule is applicable to a variance between the indictment and proof that relates only to the apprisal function of the indictment, while an amendment of the indictment, which may infringe the fifth amendment guarantee that no person shall be prosecuted for a felony except by indictment, is reversible error per se). *See United States v. Carroll*, 582 F.2d 942, 944 (5th Cir. 1978) (the concept of harmless error is inapplicable to constructive amendment of the indictment by court's jury instruction and such an amendment is plain error that may be corrected even absent an objection in the trial court).

2. A money order "is a species of draft drawn by one post office upon another for an *amount of money* deposited at the first office by the person purchasing the money order, and payable at the second office to a payee named in the order." Black's Law Dictionary 1158 (4th ed. 1968) (emphasis added). A check is a "commercial device intended for use as a temporary expedient for *actual money* ...." *Id.* at 301 (emphasis added). A cashier's check is a check "issued by an authorized officer of a bank directed to another person, evidencing that the payee is authorized to demand and receive upon presentation from the bank the *amount of money* represented by the check." *Id.* (emphasis added).

both the amounts involved and the circumstances of Ylda's acceptance of these favors and bounty, if indeed they were gratuitous, were so insignificant in the context of the evidence when viewed as a whole as to provide no possibility that the jury convicted Ylda because of his receipt of these gratuities as the things of value mentioned in the charge. These activities occurred on dates other than those on which the indictment charged Ylda with receiving bribes in the form of sums of money. They did not take place at a time "reasonably near" the date alleged in the indictment as required by the trial court's charge to the jury. They were not valued while the testimony concerning cash and money orders described specific sums. Moreover, the court's instruction specifically charged the jury that, to return a conviction, they must find that Ylda received "sums of money or things of value, *as charged in the indictment ....*" Copies of the indictment and the jury charge were provided to the jury during their deliberations.

We, therefore, see no possibility that the jury convicted Ylda on the basis of the extraneous elements interjected by the jury charge. Therefore, the trial court's error is distinguishable from that considered by the Supreme Court in *Stirone* and by this court in cases following *Stirone*. The extraneous verbiage did not result in any uncertainty regarding whether the jury convicted him for an offense not charged by the indictment. Though erroneous, it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See* 3 C. Wright, Federal Practice and Procedure: Criminal § 855 (1969).

The prosecutrix's comment on the accused's silence requires no new consideration. Like the expansion of the indictment by the jury instruction, it was harmless. Finally, the weight of the two errors combined is insufficient to demonstrate prejudice or to deny the defendant a fair trial. Even when added together, they were harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The petition for rehearing is, therefore, DENIED. No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is DENIED.