Bernard Campion, Charles Campion, San Antonio, Tex., for appellees.

Kim Robert Fawcett, Asst. Defender, State Appellate Defender Office, Detroit, Mich., for amicus Nat. Legal Aid and Defender Asso.

Joseph Beeler, Miami, Fla., Bruce J. Winick, Univ. of Miami, School of Law, Coral Gables, Fla., for amici—Nat. Asso. of Criminal Defense Lawyers and Nat. Network for the Right to Counsel.

Before CLARK, Chief Judge, GEE, RUBIN, GARZA, REAVLEY, POLITZ, KING, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, SMITH and DULE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

On February 22, 1988, a panel of this court decided this case, affirming the district court in *United States v. Jones*, 837 F.2d 1332 (5th Cir.1988). On April 25, 1988, a majority of our court voted to grant en banc rehearing. Oral argument before the en banc court was heard on September 19, 1988. The en banc court has withheld deciding this case until the Supreme Court ruled in *Caplin & Drysdale, Chartered Petitioner v. United States*. Having reviewed that case, we find it unnecessary for the en banc court to consider this case further, except to apply the Supreme Court decision in *Caplin*, —— U.S. ——, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). Applying that decision, we reverse the judgment of the district court and remand for further proceedings and the entry of such judgments as are appropriate and not inconsistent with *Caplin*.

REVERSED AND REMANDED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dwight L. HARRILL, Defendant–Appellant.**

**No. 88–1542.**

United States Court of Appeals, Fifth Circuit.

June 30, 1989.
Rehearing Denied Aug. 10, 1989.

James F. Adams and Ronald M. Holley, Dallas, Tex. (court appointed), for defendant-appellant.

Delonia A. Watson, Mark L. Nichols, Asst. U.S. Attys., and Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before REAVLEY, POLITZ, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of making false statements to a financial institution insured by the Federal Deposit Insurance Corporation, 18 U.S.C. § 1014, Dwight L. Harrill appeals, contending that the trial court erred by instructing the jury in a manner that impermissibly broadened the scope of the indictment. Concluding that the jury instructions allowed the jury to convict Harrill on elements of the offense not charged in the indictment, we reverse and remand for a new trial.

### Background

Harrill was the owner and founder of a paint manufacturing business known as Aqua Coatings Corporation. In October 1983 Harrill was contacted by Scott Davis, an officer of BancTexas–Dallas, regarding the financing needs of the business. At Davis' request Harrill provided his personal financial statement and financial data on the company.

On December 12, 1983 BancTexas–Dallas extended Harrill a $300,000 line of credit for operating capital, maturing June 20, 1984, plus a loan of $19,000 to finance the acquisition of certain assets. Under the terms of the line of credit Harrill could borrow up to 75% of his qualified accounts receivable, consisting of completed transactions for goods actually delivered to the customer, plus up to 50% of inventory, lim-

ited to $100,000. The bank established a procedure requiring Aqua Coatings to invoice its customers with instructions to remit payment to a post office box controlled by the bank. The bank credited these payments to the loan extended under the line of credit.

Harrill's agreement with the bank required that he prepare reports, referred to as "borrowing base certificates," describing in detail the total of the accounts receivable and inventory, current collection experience, new receivables, and the loan balance. The amount of the loan available to Harrill under the line of credit, at any given time, was based on the information contained in these certificates.

In March 1984, as the operating capital loan neared the $300,000 limit, Harrill requested additional funds and presented borrowing base certificates listing his inventory and new receivables. Based on the data contained in those certificates, on March 23, 1984 the bank loaned Harrill $25,000, evidenced by a promissory note due on or before May 22, 1984. Novation of this note and additional loans were evidenced by notes for $55,000 and $50,000, executed on May 8 and May 22, 1984, respectively, and maturing on June 20, 1984, the date of maturity of the line of credit note. On that date the three notes ($300,000, $55,000, and $50,000) were combined into one note for $405,000, due on or before July 31, 1984. No additional funds were advanced at that time. On July 31, 1984 the $405,000 note was renewed and its maturity was extended to August 31, 1984. Davis testified that the loans comprising the $405,000 obligation were based on data furnished by Harrill in the borrowing base certificates.

After execution of the consolidated note Harrill sought an increase in his line of credit to $750,000, representing that he was pursuing government contracts and would need additional operating capital to service those contracts. The bank had not required an audit before extending the original line of credit but did so in conjunction with the request for the three-quarter million dollar line of credit.

The audit revealed that more than half of Aqua Coatings' accounts receivable were based on false invoices. A check revealed that the inventory was $100,000 less than the amount reported on the borrowing base certificates. The bank demanded immediate payment; Aqua Coatings filed a bankruptcy petition.

Harrill was indicted in 37 counts for making materially false statements in connection with requests for loans and advances from the bank.[1] He was convicted by a jury, was sentenced[2] and timely appealed.

### Analysis

Harrill contends that his convictions should be reversed because the jury instructions impermissibly broadened the scope of his indictment. The contention has merit. The indictment charged that Harrill knowingly submitted the false borrowing base certificates "in connection with *requests for loans and advances* submitted to BancTexas–Dallas ... for the purpose of influencing the actions of said bank to approve the *requests for loans and advances* ..." in violation of 18 U.S.C. § 1014 (emphasis added). The court instructed the jury that the government must prove two elements beyond a reasonable doubt in order to establish a violation of 18 U.S.C. § 1014:

> BancTexas–Dallas "Borrowing Base Certificates," ... wherein the defendant stated and caused to be stated the accounts receivable of Aqua Coatings, Inc., ... [knowing] said statements were false.

1. The indictment charged in pertinent part: DWIGHT L. HARRILL, defendant, did unlawfully and knowingly make and cause to be made materially false statements in connection with requests for loans and advances submitted to BancTexas–Dallas, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the actions of said bank to approve the requests for loans and advances, in that the defendant submitted to

2. Harrill received a total of ten years imprisonment via consecutive two-year sentences on Counts 1 through 5 and concurrent five-year suspended sentences on the remaining counts.

*First:* That the defendant knowingly made a false statement or report concerning a material fact to an insured bank as charged; and

*Second:* That the defendant made the false statement or report willfully and with intent to influence the action of the insured bank *upon any application, advance, commitment, or loan, or any change or extension thereof* (emphasis supplied).

Although Harrill's attorney initially proposed the instruction, at trial he objected to the charge on the ground that it improperly expanded the indictment, allowing the jury to convict Harrill for acts not charged. The trial court overruled the objection.

■ It is now firmly established that a conviction must be reversed if the court's instructions to the jury amend the indictment to enlarge the offense. *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). In *United States v. Ylda,* 653 F.2d 912, 913 (5th Cir.1981), we stated that "[w]e have consistently adhered to both the holding and the reasoning articulated in *Stirone.*" (citing *United States v. Bizzard,* 615 F.2d 1080 (5th Cir.1980), *cert. denied,* 459 U.S. 973, 103 S.Ct. 305, 74 L.Ed.2d 286 (1982)). More recently, in *United States v. Trice,* 823 F.2d 80, 91 (5th Cir.1987), after citing the *Bizzard* and *Ylda* cases, we stated:

Under these decisions, the expansion of the scope of an indictment through jury instructions becomes "reversible error if it is possible that the defendant was tried and convicted for a crime other than that alleged in the indictment." (Quoting *Ylda.*)

■ The *Trice* case is on all-fours with the factual and legal issue at the core of the present appeal. In *Trice* the indictment charged the defendant with submitting false invoices in order to influence the bank's action "on *advance of loan proceeds.*" The jury instructions informed the jury that it could convict the defendant for making a false statement with intent to influence "any *application, advance, commitment or loan, or any change or extension of any of the same.*" There was evidence presented that the loan to the defendant had been changed or extended after submission of the false invoices. In reversing we stated:

We cannot say with certainty that the jury did not convict appellant ... on the theory that his false statements were intended to influence [the bank's] action in changing the loan by increasing and renewing it, a theory permitted by the instruction but not alleged in the indictment.

823 F.2d at 91.

And so it is in the case at bar. The indictment charged Harrill with submitting the false statements to influence the actions of BancTexas–Dallas to approve requests for "loans and advances." The instructions made convictions alternatively possible for "change or extension." Evidence was adduced about the consolidation of the loans, and about their change, renewal, and extension. We cannot say with certainty that the jury did not convict Harrill on a basis permitted by the instructions but not alleged in the indictment. The fifth amendment guarantees that no one may be prosecuted for a felony except upon indictment by a grand jury. A conviction based on an offense not charged in an indictment, including the enlargement of an indictment by the instructions to the jury, breaches this constitutional guarantee. Under controlling precedents, including *Stirone, Trice, Ylda,* and *Bizzard,* we must reverse the convictions and remand for retrial.

■ Finally, we again caution the prosecution about the proof of the jurisdictional element required in these cases. There must be adequate proof that the accounts of the financial institution were insured at the time of the offense by the appropriate federal agency. *Trice; United States v. Platenburg,* 657 F.2d 797 (5th Cir.1981). The proof in the record before us barely passes muster.

REVERSED and REMANDED.