**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 93-5313
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID JAMES SOLOMON, a/k/a DAVIS JAMES CORMIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____
(August 10, 1994)

Before WISDOM, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:

Defendant-Appellant David James Solomon was convicted of four counts of possession with intent to distribute crack cocaine, two counts of using a gun in relation to drug trafficking, and two counts of being a felon in receipt of firearms.  We affirm the convictions.

I.  Evidence of "Use" of Firearm (Count VI)

Solomon first argues that the evidence fails to show that he knowingly used the revolver found in a poolhall office in relation to any drug trafficking crime as is required for a conviction under § 924(c)(1) (Count VI).  Thirty-five minutes after an informant made a controlled buy of crack cocaine from Solomon in the poolhall, police entered the poolhall office and discovered a revolver, bullets, crack cocaine, and money all within two steps of

each other.  The office was at the rear of the poolhall, which in turn was behind a hair salon.  There was no evidence that Solomon had entered the office itself when making the sale.  When the police arrived Solomon fled the premises, was apprehended nearby, and had the purchase money in his pocket.

Solomon disavows any connection with the gun or even with the office, arguing that the evidence does not therefore support an inference that he used the gun in relation to drug trafficking.

We hold that the evidence regarding the quantity of crack sold to the informant sufficiently connects Solomon to the crack cache in the office and to the nearby gun.  That Solomon actually sold crack and fled the premises showing consciousness of guilt is no longer disputed.  Considering that no additional crack was found on Solomon's person or elsewhere in the premises, the jury could have reasonably inferred that his source for the drug transaction was the drug cache, which was close to the firearm.  This evidence establishes Solomon's control over the drugs, regardless of who controlled the business.[1]  See United States v. Thompson, 700 F.2d 944, 952 (5th Cir. 1983) (recognizing that constructive possession

---

[1]  Solomon contends that under United States v. Onick, 889 F.2d 1425 (5th Cir. 1989), the Government must show dominion and control over the premises to show constructive possession of the weapon. Onick recognized the principle that we do not lightly impute dominion and control to a person found in *another person's house*. Id. at 1429.  Assuming, without deciding, that the same principle would apply to control of business premises, we find sufficient evidence to support an inference of Solomon's dominion and control over things in the office.  Though Solomon's brother signed as lessee of the premises, Solomon himself negotiated the lease and had the right to come and go as he pleased.  Accordingly, even under an Onick analysis, sufficient evidence suggests Solomon's knowing use of the gun in relation to the drug offense.

may be sufficiently proved by *either* ownership, dominion, or control over the drugs themselves, *or* dominion over the premises in which the drugs are concealed). This connection to the drugs and the nearby gun provides sufficient evidence to support the conviction for use of a firearm in relation to drug trafficking. See United States v. Molinar-Apodaca, 889 F.2d 1417, 1424 (5th Cir. 1989) (to show "use" of the firearm, the Government need only prove that the gun was available to defendant to provide protection in connection with drug trafficking).

II.  Evidence of "Receipt" of Firearms (Counts III and VII)

Solomon also argues that because possession is necessary to "receipt,"[2] the conviction for being a felon who "received" the revolver should also fail (Count VII). Having found sufficient evidence to establish Solomon's possession of the revolver, we reject this argument.

Solomon also challenges both of his "receipt" convictions on the basis that the Government failed to prove when or where Solomon received both firearms. In addition to the revolver in the poolhall incident (Count VII), Solomon was convicted of being a felon in receipt of a firearm based on a pistol found during a vehicle stop on Interstate 10 (Count III). Both of these receipt convictions require proof that he received a firearm which had been shipped in interstate commerce while he was a convicted felon. 18 U.S.C. § 922(g).

Defendant challenges the sufficiency of the evidence that he

---

[2]  See Ball v. United States, 470 U.S. 856, 862 (1985).

3

took possession of these firearms after committing the predicate felony, that the receipt of the firearm occurred within the statute of limitations, and that he received the firearms within the venue of the district court.

As for the evidence that Solomon took possession after committing the predicate felony, we note that the auto stop incident occurred in 1988 and the poolhall incident in 1991. The Government offered an armed robbery conviction of Solomon in 1981 to show that Solomon was a felon when he received both firearms. Also, he was in prison))and therefore not in possession of either firearm))in 1981. Even if he possessed the guns before his term of imprisonment, his taking repossession after serving his time constituted "receipt." See United States v. Robbins, 579 F.2d 1151, 1153-54 (9th Cir. 1978) (defendant's regaining possession of his gun constituted receipt). Accordingly, the evidence amply established that Defendant took possession of the guns after committing the predicate felony.

Defendant also challenges the sufficiency of evidence establishing that receipt of the firearms occurred within the five-year statute of limitations for non-capital offenses (18 U.S.C. § 3282), and that he received the firearms within the venue of the district court. Because Solomon made no objection at the close of all the evidence, his objection to venue is waived. See United States v. Black Cloud, 590 F.2d 270, 272 (8th Cir. 1979) (if indictment contains proper allegation of venue, venue objection is preserved for appeal if made at close of Government's case); see

4

<u>generally</u> 2 Charles A. Wright, Federal Practice and Procedure § 306 (2d ed. 1982).

The defendant's objection based on the statute of limitations is also waived by the defendant's failure to raise and develop it at trial.  <u>United States v. Arky</u>, 938 F.2d 579, 581-82 (5th Cir. 1991), <u>cert. denied</u>, 112 S.Ct. 1268 (1992).  Accordingly, we do not address the merits of the alleged error based on § 3282.  <u>Arky</u>, 938 F.2d at 581 (rejecting the position that the statute of limitations is a jurisdictional question which can be noticed for the first time on appeal).

### III.  Jury Charge; Receipt (Counts III and VII)

Counts III and VII charged Solomon with "receipt" of a firearm by a felon, but the court instructed the jury on "possession" of a firearm by a felon.  Although Solomon lodged no objection to this charge, we may review the issue under the plain error doctrine. <u>United States v. Mize</u>, 756 F.2d 353, 355 (5th Cir. 1985).  Reversal is required if the court's charge "constitutes a constructive amendment of the indictment," that is, if "the jury [wa]s permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged."  <u>United States v. Young</u>, 730 F.2d 221, 223 (5th Cir. 1984).

"Receipt" is knowingly taking possession.  <u>United States v. Clark</u>, 741 F.2d 699, 703 (5th Cir. 1984).  The only essential discrepancy between the instructions and the indictment is the element that defendant while a felon actually took possession rather than simply remained in possession.  <u>See</u> <u>United States v.</u>

5

Martin, 732 F.2d 591, 592-93 (7th Cir. 1984) (venue is not an essential element); United States v. Winship, 724 F.2d 1116, 1124-25 (5th Cir. 1984) (failure to instruct on venue is reversible only when trial testimony puts venue in issue and the defendant requests the instruction); United States v. Bowman, 783 F.2d 1192, 1197 (5th Cir. 1986) (time the offense was committed is not essential element).

The evidence of Solomon's constructive possession of the firearms which had travelled in interstate commerce is circumstantial evidence of his prior receipt. Martin, 732 F.2d at 592 (one cannot possess a firearm without receiving it); see also United States v. Beverly, 750 F.2d 34, 36 (6th Cir. 1984); United States v. Craven, 478 F.2d at 1329, 1336-37 (6th Cir.), cert. denied, 414 U.S. 866 (1973). With the stipulation that the firearms were not manufactured in Louisiana and had travelled in interstate commerce (4 R. 115) and the uncontroverted evidence that Solomon was in jail in 1981, the evidence precludes any possibility that Solomon possessed the firearms as a felon without having received them as a felon. Cf. Ball, 470 U.S. at 862 n.9 (a felon may possess a firearm without receiving it if he manufactured the gun himself); Craven, 478 F.2d at 1336-37 (one cannot possess a firearm without having received it unless the possessor manufactures it himself).

United States v. Ylda, 653 F.2d 912, 914 (5th Cir. Unit A Aug. 1981), held that a jury charge requiring proof of receipt *or of an agreement to receive* money did not constructively amend the

6

indictment for receipt, because the evidence contained no suggestion that defendant merely agreed to receive, without actually receiving the money. Similarly the evidence contained no suggestion that Solomon possessed without having earlier received the firearms. Additionally, as in Ylda, the district court charged the jury that it was to decide whether Solomon was guilty or not guilty and that he was being tried "*only for the specific offenses alleged in the indictment*." 6 R. 64; cf. Ylda, 653 F.2d at 915. Also, the district court provided the jury with copies of the indictment. See 6 R. 66; cf. Ylda, 653 F.2d at 915. Accordingly, the court's charge resulted in no uncertainty about whether the jury convicted Solomon of an offense not charged in the indictment. See Ylda, 653 F.2d at 915. The discrepancy between the jury charge and the words of the indictment was therefore "merely another of the flaws in trial that mar its perfection but do not prejudice the defendant." Ylda, 653 F.2d at 914; Young, 730 F.2d at 223 (quoting Ylda); see also Mize, 756 F.2d at 355 (if no constructive amendment occurred, reversal is warranted only if discrepancy prejudices substantial rights of defendant).[3]

---

[3] This case involves no possible prejudice to Defendant by his suffering cumulative punishment for convictions for both receipt and possession. Cf. Ball, 470 U.S. at 862-64 (requiring district court to vacate either conviction); Martin, 732 F.2d at 592-93 (requiring that either receipt conviction or possession conviction be vacated because the offenses are the same); United States v. Burton, 629 F.2d 975, 977-78 (4th Cir. 1980) (holding that cumulative punishment for convictions for felon's possession and receipt of the same gun is not authorized where possession was incidental to receipt), cert. denied, 450 U.S. 968 (1981).

7

## IV.  Prosecutorial Statement (Counts I and II)

Solomon notes that he possessed a small enough quantity (7.8 gr.) of drugs when arrested from the car that the district court charged the jury on simple possession as well as distribution for that count (Count I).  A simple possession conviction on Count I would have eliminated the related conviction for use of a firearm in relation to drug trafficking (Count II).  See § 924(c)(2) (limiting definition of "drug trafficking crime" to felonies).  Solomon argues that a misstatement by the prosecutor prevented the jury from returning the verdict of simple possession on Count I and acquitting on Count II.

The officers in the auto-stop incident ordered Solomon out of the car for a patdown.  Solomon handed the driver a bundled T-shirt, explaining, "[H]ere, hold this while they search me."  The shirt blew open revealing a pouch containing crack cocaine.  The prosecutor argued during closing that actual distribution occurred when Solomon handed the T-shirt to the driver.

Solomon did not object to the statement, so we review only for plain error.  United States v. Blankenship, 746 F.2d 233, 238 n.1 (5th Cir. 1984).  Plain error is "an error so obvious that our failure to notice it would seriously affect the fairness, integrity, or public reputation of [the] judicial proceedings and result in a miscarriage of justice."  United States v. Fortenberry, 914 F.2d 671, 673 (5th Cir. 1990), cert. denied, 499 U.S. 930 (1991).

The error, if any occurred, is not so obvious.  We can reverse

8

only if, considering the remark in the context of the entire trial, the argument "seriously affected the fairness of the proceeding and resulted in a miscarriage of justice."  United States v. Knezek, 964 F.2d 394, 400 (5th Cir. 1992).  Based on our review of the record, we hold that the prosecutor's statement regarding a distribution did not constitute plain error.

The judgment of the district court is

AFFIRMED.