IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40568
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL JOSEPH DERROW;
DARON LOUIS RICHARDSON,

Defendants-Appellants.

_____

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 9:98-CR-6-9
_____

April 13, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Joseph Derrow and Daron Louis Richardson appeal their jury convictions. Derrow argues that there was insufficient evidence proving that he possessed with intent to distribute crack cocaine in the Eastern District of Texas as alleged in count three of the indictment. Derrow also raises a general objection that the district court abused its discretion when it allowed testimony about Derrow's drug activities in Nebraska, Arkansas, Alabama, and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana, which he states were not alleged in the indictment counts. Richardson argues that there was insufficient evidence establishing that he was part of the conspiracy to possess with intent to distribute crack cocaine.

Derrow's argument that there was insufficient evidence that he possessed crack cocaine in the Eastern District of Texas, as opposed to the Southern District of Texas (Houston) where he dealt his drugs, is a venue challenge. Derrow did not raise this issue at any time in the trial court, and he has thus waived this issue. See United States v. Solomon, 29 F.3d 961, 964 (5th Cir. 1994); see also United States v. Parrish, 736 F.2d 152, 158 (5th Cir. 1984).

Derrow's plea of not guilty to the conspiracy charge placed at issue his intent to commit the offenses, and evidence of his drug offenses in other states was admissible to prove this element. See United States v. Gonzalez, 76 F.3d 1339, 1347 (5th Cir. 1996); Fed. R. Evid. 404(b). Also, the district court gave the jury a limiting instruction as to how to view the testimony regarding Derrow's other dealings, thus, mitigating the potential for prejudice from such evidence. See United States v. Bailey, 111 F.3d 1229, 1234 (5th Cir. 1997).

The trial record reveals that there was sufficient evidence demonstrating the existence of a conspiracy to possess with intent to distribute crack cocaine, Richardson's knowledge of the conspiracy, and his willing participation in the conspiracy. See

<u>United States v. Broussard</u>, 80 F.3d 1025, 1030-31 (5th Cir. 1996).

Richardson's argument is without merit.

The convictions of both Derrow and Richardson are

A F F I R M E D.