IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10305
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL KENT YANTIS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 4:99-CR-44-1-T
_____
February 2, 2001

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Daniel Yantis appeals his convictions for manufacturing and possessing counterfeit United States currency. Yantis asserts that the district court erred in denying his motion for a change of venue and in failing to instruct the jury on venue for the manufacturing count. Yantis's failure to raise a challenge to venue in the district court on the grounds asserted on appeal constitutes a waiver of the issue. United States v. Solomon, 29 F.3d 961, 964 (5th Cir. 1994); United States v. Parrish, 736 F.2d

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

152, 158 (5th Cir. 1984). Further, there is the longstanding presumption that altered or forged instruments were manufactured where they are found. See United States v. Owens, 460 F.2d 467, 469 (5th Cir. 1972).

Yantis asserts that the district court erred in denying his motion to suppress the evidence seized in the warrantless search at the time of his arrest. As Yantis disavowed ownership or any privacy interest in that property, he has no standing to challenge the search. United States v. Wilson, 36 F.3d 1298, 1302 (5th Cir. 1994).

Yantis argues that the district court erred in denying his motion to suppress his statements. Yantis, without support, contends that the district court was clearly erroneous in crediting the testimony of the law enforcement officials over his own. Yantis has presented no evidence to show that the district court was clearly erroneous in finding that he was not a credible witness. See United States v. Cherna, 184 F.3d 403, 406 (5th Cir. 1999), cert. denied, 120 S.Ct. 1669 (2000).

Yantis argues that the district court erred in allowing, over his objection, testimony regarding the existence of an inculpatory police report that had not been furnished to the defense prior to trial. A failure to comply literally with Rule 16 is reversible error only upon "a showing that the error was prejudicial to the

2

substantial rights of the defendant." United States v. Arcentales, 532 F.2d 1046, 1050 (5th Cir. 1976); see also United States v. Doucette, 979 F.2d 1042, 1044-45 (5th Cir. 1992). The district court instructed the jury that the report could not be used as evidence of the truth of the substance of the report, but could be used only to show that such a report had been made early in the investigation of the matter. Juries are presumed to follow the instructions of the court. Zafiro v. United States, 506 U.S. 534, 540-41 (1993). Yantis has shown no error that was prejudicial to his substantial rights.

Yantis argues that there was insufficient evidence to support his two counts of counterfeiting because there was no evidence to show that he had the intent to defraud. The jury could infer from Yantis's implausible testimony concerning play money for a poker game that he intended to use the ersatz currency to make a fraudulent purchase. We will not substitute our factual determination for that of the jury. United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992); United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982)(en banc), aff'd, 462 U.S. 356 (1983).

Yantis argues, for the first time on appeal, that there were two fatal variances between the indictment and the proof at trial. A material variance occurs when there is a variation between proof and indictment modifying an essential element of the offense

3

charged.  <u>United States v. Puig-Infante</u>, 19 F.3d 929, 935 (5th Cir. 1994).  There were no such variances in this case.

Yantis argues that the district court erred by answering notes from the jury out of his presence.  As this issue was not raised in the district court, our  review is for plain error.  <u>See</u> Fed. R. Crim. P. 52(b); <u>United States v. Calverly</u>, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).  Yantis has not suggested how his presence would have contributed to the fairness of the procedure and has shown no error affecting his substantial rights.  <u>United States v. Sylvester</u>, 143 F.3d 923 (5th Cir. 1998).

Yantis asserts that his counsel was ineffective related to most of the substantive claims discussed above.  As there is insufficient evidence in the record, we decline to review this claim of ineffective assistance of counsel on direct appeal. <u>United States v. Gibson</u>, 55 F.3d 173, 179 (5th Cir. 1995); <u>United States v. Bounds</u>, 943 F.2d 541, 544 (5th Cir. 1991).

A F F I R M E D.