# United States Court of Appeals for the Fifth Circuit

---

No. 22-50805
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kenton Maurice Haynes,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CR-511-1

---

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Kenton Maurice Haynes of receipt of a firearm while under felony indictment, possession of a firearm in furtherance of a drug trafficking crime, and possession of marijuana with intent to distribute. On appeal, Haynes contends that the evidence was insufficient to support the three counts of conviction, that the district court erred by denying his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

requested jury instruction on the receipt of a firearm count, that the district court erred by admitting prior bad acts evidence under Federal Rule of Evidence 404(b), and that 18 U.S.C. § 922(n) is unconstitutional for various reasons.

Haynes challenges the receipt element of the receipt of a firearm count, asserting that no physical evidence showed that he touched or received the firearm found in a vehicle in which he was a front-seat passenger and that his alleged constructive possession of the firearm was insufficient to show receipt under § 922(n). Given that the firearm was visible and easily accessible to Haynes, the evidence supported a plausible inference that Haynes had knowledge of and access to the firearm, which was sufficient to establish his constructive possession of the firearm. *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012). Further, Haynes's constructive possession of the firearm was circumstantial evidence of his prior receipt of the firearm. *See United States v. Solomon*, 29 F.3d 961, 964 (5th Cir. 1994).

Regarding the possession with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime counts, the evidence supported a plausible inference that Haynes constructively possessed marijuana found on the passenger seat of the vehicle and in a backpack located on the vehicle's center console and that he was engaged in drug trafficking. *See Meza*, 701 F.3d at 419; *United States v. Kates*, 174 F.3d 580, 582 (5th Cir. 1999); *United States v. Cooper*, 979 F.3d 1084, 1090 (5th Cir. 2020). Therefore, viewing the evidence and the inferences drawn therefrom in the light most favorable to the Government, *see United States v. Fields*, 977 F.3d 358, 363 (5th Cir. 2020), the evidence was sufficient to permit a rational jury to find Haynes guilty of all three counts beyond a reasonable doubt, *see Solomon*, 29 F.3d at 964; *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002); *United States v. Suarez*, 879 F.3d 626, 632 (5th Cir. 2018).

Haynes has failed to demonstrate an abuse of discretion in connection with the district court's denial of his requested jury instruction on the receipt of a firearm count. *See United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005). The district court's jury instructions as a whole fairly and adequately covered the issues presented by the case, *see id.*, and Haynes fails to explain how the district court's refusal to give the requested instruction impaired his ability to present a defense, *see United States v. Toure*, 965 F.3d 393, 403 (5th Cir. 2020).

Next, any error regarding the admission of prior bad acts evidence under Rule 404(b) was harmless. *See United States v. Ebron*, 683 F.3d 105, 131 (5th Cir. 2012). The record reflects overwhelming evidence of Haynes's guilt on all three counts without consideration of the allegedly improper evidence, *see United States v. Gutierrez-Mendez*, 752 F.3d 418, 426 (5th Cir. 2014), the bad acts evidence did not receive inordinate emphasis, *see United States v. Girod*, 646 F.3d 304, 320-21 (5th Cir. 2011), and any error was mitigated by the district court's limiting instruction, which the Government reiterated during its closing argument, *see United States v. Carrillo*, 660 F.3d 914, 929 (5th Cir. 2011).

Regarding Haynes's facial challenge to the constitutionality of § 922(n), we have previously considered that issue and decided that the statute does not violate the Second Amendment. *See United States v. Quiroz*, 125 F.4th 713, 717-25 (5th Cir. 2025), *petition for cert. filed* (U.S. May 29, 2025) (No. 24-7342). To the extent that Haynes raises additional constitutional challenges to § 922(n), he has abandoned the issues by failing to adequately brief them. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

The district court's judgment is AFFIRMED.