David N. GORDON

v.

STATE.

No. 93–581–C.A.

Supreme Court of Rhode Island.

March 22, 1994.

Mortimer C. Newton, Portsmouth, for plaintiff.

Jeffrey Pine, Atty. Gen., Annie Goldberg, Asst. Atty. Gen., Aaron Weisman, Atty. Gen., for defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument March 2, 1994, pursuant to an order that had directed both parties to appear and show cause why the issues raised by this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

David N. Gordon was convicted of conspiracy to commit arson and first-degree arson and sentenced to an aggregate of sixty years imprisonment. His conviction was affirmed in *State v. Gordon*, 508 A.2d 1339 (R.I.1986). Thereafter, he moved to reduce his sentence. His motion was denied, and the denial was affirmed by this court in *State v. Gordon*, 539 A.2d 528 (R.I.1988).

Gordon now comes before this court in support of his appeal from the denial of an application for postconviction relief from his prior conviction. He raises two issues on appeal. First, he faults the trial justice for making reference to the Bible in suggesting "that no man takes more than he's willing to give." The justice went on to say, "This young man took an awful lot. He's going to give an awful lot." This statement was made at the first sentencing procedure and later at the hearing for reduction of sentence.

We believe that this statement in no way suggests any religious bias on the part of the trial justice. It is in no way analogous to the situation in *United States v. Bakker*, 925

F.2d 728 (4th Cir.1991). In this case the biblical adversion was minimal and not prejudicial in any way to applicant.

■ The second issue is that his appellate attorney failed to meet the requirements of effective assistance of counsel in that he did not include in his brief a challenge to the judge's instruction to the jury, even though trial counsel had made an objection to this instruction.

We have examined the instruction in light of the statute in respect to G.L.1956 (1981 Reenactment) § 11–4–2, as amended by P.L. 1990, ch. 214, § 1, entitled "Arson," and also in light of Rule 7(c) of the Superior Court Rules of Criminal Procedure.

In declining to press this issue on appeal, we believe that appellate counsel did not fall below the standards set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The applicant has failed to show that but for this determination by appellate counsel there was a reasonable probability that the outcome would have been different.

■ In determining the issues to be emphasized on appeal, counsel has considerable discretion. *See Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). We perceive no abuse of that discretion in counsel's declining to press the issue of the reading of the statutory definition of the crime in the course of the trial justice's instruction.

For the reasons stated, the applicant's appeal is denied and dismissed. The judgment of the Superior Court denying his application for postconviction relief is hereby affirmed. The papers in the case may be remanded to the Superior Court.