**David N. GORDON, Jr.**

v.

**George A. VOSE, Jr.**

**Civ. A. No. 94–0186ML.**

United States District Court,
D. Rhode Island.

Jan. 3, 1995.

David N. Gordon, Jr., Johnston, R.I., pro se.

Department of Atty. Gen., State of R.I. by Annie Goldberg, Asst. Atty. Gen., Providence, RI, for respondent.

### ORDER

LISI, District Judge.

The Findings and Recommendation of United States Magistrate Judge Robert W. Lovegreen filed on December 7, 1994 in the above-captioned matter is accepted pursuant to Title 28 United States Code § 636(b)(1).

### REPORT AND RECOMMENDATION

LOVEGREEN, United States Magistrate Judge.

Before me is a *pro se* petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. I have reviewed the petition and the respondent's answer thereto and have determined that an evidentiary hearing is not required. Rules 4 and 8, Rules Governing Section 2254 Cases in the United States District Courts; *Dziurgot v. Luther*, 897 F.2d 1222 (1st Cir.1990). Based upon the following analysis, I recommend that the petition be denied and dismissed.

### Background

This § 2254 petition, the second such petition filed in this Court, was filed on April 25, 1994. On May 13, 1994, I recommended the petition be denied, because petitioner had not exhausted his state remedies, as there was an appeal (petitioner's third) pending before the Rhode Island Supreme Court. Petitioner failed to tell me that his appeal had been decided by that Court on March 22, 1994, and my recommendation was correctly rejected by the district court. Thereafter, on November 16, 1994, this petition was referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B).

On September 30, 1983, following a retrial (a mistrial was declared during the first trial), petitioner was convicted of first degree arson and conspiracy to commit arson. The fire occurred on June 22, 1981 and destroyed Turilli's Furniture Company in Warwick, Rhode Island. Subsequently, the trial justice imposed a sentence of 50 years for the arson and 10 years for the conspiracy to be served consecutively. In *State v. Gordon*, 508 A.2d 1339 (R.I.1986), the Rhode Island Supreme Court denied and dismissed petitioner's first appeal challenging the merits of his conviction. Specifically, plaintiff appealed on the following issues: (1) the applicability of the double jeopardy bar; (2) the admissibility of certain evidence; (3) the trial justice's denial of petitioner's motion for judgment of acquittal on the conspiracy count;

and (4) the trial justice's definition of reasonable doubt in his jury charge.

Thereafter, petitioner filed a motion to reduce sentence which was denied by the trial justice. This denial was affirmed. *State v. Gordon*, 539 A.2d 528 (R.I.1988).

Subsequently, petitioner filed for postconviction relief which was denied by the trial justice. On appeal, the Rhode Island Supreme Court affirmed the denial. *Gordon v. State*, 639 A.2d 56 (R.I.1994). While this appeal was pending, petitioner filed his first petition for writ of habeas corpus in this Court. *Gordon v. Vose*, C.A. No. 93–0513T (D.R.I. filed Sept. 20, 1993). That petition was dismissed on the basis that petitioner had not exhausted his state remedies. Thereafter, this second § 2254 petition was filed raising as grounds: (1) the trial justice constructively amended Count 2 of the indictment in violation of petitioner's constitutional rights under the Fifth and Sixth Amendments to the United States Constitution; (2) there was ineffective assistance of counsel in violation of petitioner's constitutional rights under the Sixth Amendment to the United States Constitution when counsel did not raise on appeal to the Rhode Island Supreme Court the constructive amendment issue; and (3) petitioner's constitutional rights under the First Amendment to the United States Constitution were violated when the trial justice, both at the sentencing and at the hearing on the motion to reduce the sentence, quoted from the Bible thereby exhibiting religious bias.

### Discussion

A motion under 28 U.S.C. § 2254 is a substitute for habeas corpus. The basic scope of habeas corpus is prescribed by 28 U.S.C. § 2241(c) which provides that the "writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the constitution." Section 2254 deals specifically with state custody, providing that habeas corpus shall apply only in behalf of a person in custody pursuant to a judgment of a state court.

■ Review under Section 2254 is limited to searching for Constitutional error and a federal court must apply federal constitutional law in habeas corpus proceedings. *Grieco v. Meachum*, 533 F.2d 713, 716 (1st Cir.), *cert. denied sub. nom. Cassesso v. Meachum*, 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 135 (1976). Federal courts have broad discretionary powers when acting on habeas petitions. Indeed, 28 U.S.C. § 2243 provides that "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice requires." *See Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

### A. Constructive Amendment of the Indictment.

■ The essential question here is whether petitioner was convicted of an offense not charged in the indictment. Obviously, if he was, his conviction should be reversed. *See Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

In *Stirone*, petitioner was indicted for violation of the Hobbs Act, 18 U.S.C. § 1951. The indictment charged that certain supplies and materials (sand) were caused to move in interstate commerce into Pennsylvania and petitioner did obstruct, delay and affect interstate commerce by extortion induced by fear and threats. *Id.* at 213, 80 S.Ct. at 271. The sand was to be used to make concrete which was to be used in building a steel plant in Pennsylvania. At trial, the court also admitted evidence of the affect on interstate commerce of steel shipments from the steel plant to be built in part with the concrete made from the imported sand. The trial judge instructed the jury that the interstate commerce aspect of the case could be satisfied by finding that sand used to make concrete had been shipped into Pennsylvania from another state *or* such concrete was used to construct a steel mill which would manufacture steel to be shipped from Pennsylvania into another state. *Id.* at 214, 80 S.Ct. at 271–72. The indictment was constructively amended because the indictment charged a violation of the Hobbs Act only with regard to the importation of sand to make concrete and *not* with the exportation of steel manufactured by the steel plant built in part with the concrete.

The United States Supreme Court reversed petitioner's conviction stating it was error to so instruct the jury. *Id.* at 215, 80 S.Ct. at 272. This was more than an insignificant variance between the indictment and the proof and, therefore, more than harmless error. Since the charge was a felony, the Fifth Amendment requires that prosecution be initiated by indictment. *Id.* at 215, 80 S.Ct. at 272.

> [I]t has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself.

*Id.* at 215–16, 80 S.Ct. at 272.

The Court stated that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Id.* at 217, 80 S.Ct. at 273. Because the variation between the indictment and the proof is more than trivial, useless or innocuous, petitioner's substantial right to be tried only on charges returned by a grand jury has been violated. *Id.*

In *United States v. Kelly*, 722 F.2d 873 (1st Cir.1983), *cert. denied*, 465 U.S. 1070, 104 S.Ct. 1425, 79 L.Ed.2d 749 (1984), the Court stated:

> To prevail on the theory that there has been a constructive amendment to the indictment, appellant must show that his fifth and sixth amendment rights have been infringed. The fifth amendment requires that a defendant be tried only on a charge made by the grand jury. The sixth amendment, working in tandem with the fifth amendment, requires that the defendant "be informed of the nature and cause of the accusation."
>
> These two constitutional provisions require that allegations and proof mirror each other. The rationale is clear: no person should be denied the right to thoroughly prepare his or her defense, and should not be subject to "another prosecution for the same offense."

*Id.* at 876 (citations omitted).

In *United States v. Beeler*, 587 F.2d 340 (6th Cir.1978), *cert. denied*, 454 U.S. 860, 102 S.Ct. 315, 70 L.Ed.2d 158 (1981), the Court stated:

> The purposes underlying the rule against amendments and constructive amendments include notice to the defendant of the charges he will face at trial, notice to the court so that it may determine if the alleged facts are sufficient in law to support a conviction, prevention of further prosecution for the same offense, and finally, of "paramount importance," the assurance that a group of citizens independent of prosecutors or law enforcement officials have reviewed the allegations and determined that the case is worthy of being presented to a jury for a determination of the defendant's guilt or innocence.

*Id.* at 342.

The indictment returned against petitioner contained four (4) counts. Petitioner raised this issue of constructive amendment only as to Count 2 which states:

### Count 2

That [co-defendant] and David N. Gordon, Jr., alias John Doe, both of Providence County, on or about the 22nd day of June, 1981, at Warwick, in the County of Kent, did knowingly cause, procure, aid, counsel, and create by means of fire, damage to the building located at 400 Warwick Avenue, Warwick, which was occupied and in use on June 22, 1981, and owned by TURILLI FURNITURE, INC., a Rhode Island Corporation, in violation of § 11–4–2 of the General Laws of Rhode Island, 1956, as amended (Reenactment of 1969).

At the conclusion of all testimony in the trial, petitioner moved for a judgment of acquittal. This was granted as to Count 1 and partially as to Count 2, regarding the portion of the count charging Gordon with procuring, aiding and counseling. The remainder of Count 2, Count 3 (conspiracy to commit first-degree arson in violation of § 11–1–6) and Count 4 (conspiracy to enter a building with intent to commit first-degree arson) went to the jury and resulted in verdicts of guilty on all counts. Subsequently, on a motion for new trial, the trial justice merged Count 4 into Count 3, as both Counts charged the same offense, and then denied the motion for new trial.

Petitioner argues that the trial justice constructively amended the indictment when he charged that as one of the three elements necessary to prove Count 2, the State must prove beyond a reasonable doubt "that the building was being used or occupied during the six months preceding the fire, which means the six months before June 22, 1981."

The statute involved, R.I.Gen.Laws § 11–4–2, states in pertinent part:

11–4–2. Arson—First degree.—Any person who knowingly causes, procures, aids, counsels or creates by means of fire or explosion, a substantial risk of serious physical harm to any person or damage to any building the property of that person or another, whether or not used for residential purposes, which is occupied or in use for any purpose or which has been occupied or in use for any purpose during the six (6) months preceding the offense or to any other residential structure, shall, upon conviction, be sentenced to imprisonment. . . .

Petitioner bases his argument on the fact that the indictment states "which was occupied and in use on June 22, 1981" and the indictment was constructively amended when the trial justice charged the jury that one of the three necessary elements of Count 2 was "that the building was being used or occupied during the six months preceding the fire." Petitioner argues that the indictment was constructively amended because the jury could have convicted him of arson based on the fact the building was in use or occupied during the six months before the fire, rather than what the indictment charged, that the building was occupied and in use on June 22, 1981.

Clearly, the trial justice instructed the jury in the language of the statute (§ 11–4–2). Petitioner appropriately objected to this portion of the charge on the basis of constructive amendment, which objection was overruled. Petitioner presses his argument, stating the fire occurred in the early morning hours of June 22, 1981, a Sunday, and therefore, the building was not "occupied and in use on June 22, 1981" as the indictment charged.

As the *Kelly* court stated, petitioner, to be successful on this issue, must show that he was not tried solely on the charge made by the grand jury *and* that he was not informed of the nature and cause of the accusation. *United States v. Kelly,* 722 F.2d at 876. The allegation and the proof should "mirror each other." *Id.* In short, no defendant should be denied his or her right to prepare a thorough defense. *Id.* Petitioner has offered nothing in support of any Fifth or Sixth Amendment violation. Nowhere has he shown that he was denied the right to a thorough defense of this charge by virtue of the jury charge. The indictment itself, in Count 2, specifically cites to § 11–4–2 and sets forth substantial allegations. While the elements of the offense have to appear primarily from the language in the indictment and not solely from language in a statute cited in the indictment, the statutory citation should not be entirely ignored when it plainly reinforces what is implicit in the language of the indictment. *United States v. McLennan,* 672 F.2d 239, 243–244 (1st Cir.1982). Here, petitioner had notice of the charges he would face at the trial; the court had notice of the charges so it could determine whether the facts were sufficient in law to support a conviction; the indictment was sufficient to prevent further prosecution for the same offense; and the grand jury, independent of prosecutors or law enforcement officials, reviewed the allegations and determined that the matter was worthy of a trial to determine guilt or innocence.

"The misconstruction of an indictment is reversible error if it is possible that the defendant was tried and convicted for a crime other than that alleged in the indictment. If, on the other hand, it is clear that this could not have been the case, the trial court's refusal to restrict the jury charge to the words of the indictment is merely another of the flaws in trial that mar its perfection but do not prejudice the defendant. The trial judge's luxuriant interpretation of the indictment *requires* reversal if, considering the evidence, it so modifies the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment. Such an altera-

tion of the elements of the offense charged is reversible error per se."

*United States v. Ylda,* 653 F.2d 912, 914 (5th Cir.1981) (citations omitted).

There is ample evidence that the building set afire was in use on June 22, 1981 and prior thereto. Turilli's Furniture Company was an on-going established business on June 22, 1981 and had been for some time. Petitioner does not dispute this fact. Petitioner cites to no case holding that if a business is closed to customers due to the lateness of the hour, that the building housing the business is not occupied and in use. This building was clearly occupied by Turilli's and in use as a furniture business. In essence, plaintiff was charged with knowingly causing and creating by means of fire a substantial risk of damage to any building which was then occupied or in use. The evidence in this case was overwhelming that petitioner was guilty of this charge. *See State v. Gordon,* 508 A.2d 1339. Here, any variance between the indictment and the jury charge does not amount to reversible error. After reviewing the legal memoranda and the reported decisions of the Rhode Island Supreme Court relevant to this matter, I am satisfied that it is not possible this petitioner was tried and convicted for a crime other than the one alleged in Count 2 of the indictment. He was charged and convicted of first-degree arson and conspiracy to commit arson. This was due to his actions on June 22, 1981. It is absurd to conclude that the jury found the building housing Turilli's Furniture Company being used or occupied during the six months preceding the fire but that the same building was not being used and occupied on June 22, 1981 and, on this finding, convicted petitioner of first-degree arson. Petitioner has failed to show that the jury charge altering the language in the indictment changed the elements of the offense charged, and he was convicted of a crime not charged in the grand jury indictment. Therefore, he has failed to establish a violation of the Fifth or Sixth Amendments to the United States Constitution that would warrant granting his petition based on the ground that the indictment was constructively amended.

**B.** *Ineffective Assistance of Counsel.*

■ Petitioner argues that, because his counsel did not raise this issue before the Rhode Island Supreme Court on appeal, he was subjected to ineffective assistance of counsel. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). The Rhode Island Supreme Court in reviewing this very issue stated:

> In declining to press this issue on appeal, we believe that appellate counsel did not fall below the standards set forth in *Strickland v. Washington,* 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984). The applicant has failed to show that but for this determination by appellate counsel there was a reasonable probability that the outcome would have been different.

> In determining the issues to be emphasized on appeal, counsel has considerable discretion. We perceive no abuse of that discretion in counsel's declining to press the issue of the reading of the statutory definition of the crime in the course of the trial justice's instruction.

*Gordon v. State,* 639 A.2d at 57 (citation omitted).

I agree with this statement. Counsel's failure to raise meritless issues cannot constitute ineffective assistance of counsel. *United States v. Victoria,* 876 F.2d 1009, 1013 (1st Cir.1989). I have concluded above that petitioner's constructive amendment argument is unpersuasive. Thus, the petition fails on the ground of ineffective assistance of counsel.

**C.** *Religious Bias.*

■ Petitioner states correctly that at the sentencing and again at the hearing on petitioner's motion to reduce sentence, the trial justice stated "no man should take more than he is willing to give." When doing so, the trial justice apparently made reference to the Bible. Petitioner argues that this comment and the reference to the Bible showed a religious bias on the part of the trial justice. He relies on *Wallace v. Jaffree,* 472 U.S. 38,

105 S.Ct. 2479, 86 L.Ed.2d 29 (1985), as supporting his contention that government must be neutral towards religion. Petitioner does not state whether he seeks a re-sentencing or a reversal of his conviction. Since *Wallace* is inapposite, petitioner is entitled to neither.

In *Wallace*, Alabama adopted a statute authorizing a one-minute period of silence in all public schools for meditation or voluntary prayer. The United States Supreme Court found that statute in violation of the First Amendment, as a law respecting the establishment of religion, and invalidated it. This decision is substantially different from the pending § 2254 petition.

The Rhode Island Supreme Court addressed this issue in *Gordon v. State*, 639 A.2d at 57. That Court cited to *United States v. Bakker*, 925 F.2d 728 (4th Cir.1991). In *Bakker*, the trial judge, during sentencing, stated "He (Bakker) had no thought whatever about his victims and *those of us who do have a religion are ridiculed as being saps from money-grubbing preachers or priests.*" *Id.* at 740. The Fourth Circuit felt this comment of the trial judge exceeded the parameters of due process, because the trial judge impermissibly took his own religious characteristics into account in sentencing. *Id.* It was felt that this comment created "the perception of the bench as a pulpit from which judges announce their personal sense of religiosity and simultaneously punish defendants for offending it." *Id.*

Here, the circumstances are quite different. The trial justice was not expressing his personal religious beliefs. Clearly, he was merely intending to state that if one commits a serious crime, he must expect to receive a severe punishment. I do not find any religious bias on the part of the trial justice in the sense that he was expressing a personal religious preference and then sentencing petitioner for violating it. Therefore, petitioner has failed to show religious bias on the part of the trial justice.

*Conclusion*

For the reasons stated, I recommend that this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED and DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.[1] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[2]

---

**1.** Rule 32, Local Rules of Court; F.R.Civ.P. 72(b).

**2.** *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).