**UNITED STATES of America**

v.

**Calvin Linwood GIRST, Appellant.**

**No. 77–1604.**

United States Court of Appeals,
District of Columbia Circuit.

Dec. 26, 1979.

On Petition for Rehearing (D.C. Criminal 77–00161).

Opinion for the Court filed by Circuit Judge MacKINNON.

Before BAZELON, Senior Circuit Judge, and McGOWAN and MacKINNON, Circuit Judges.

**ORDER**

PER CURIAM.

Upon consideration of appellee's petition for rehearing, of the response thereto, and of the various supplemental memoranda filed by both parties, it is

ORDERED, by the Court, that appellee's petition for rehearing is granted and the judgment of, and opinion for, this Court entered herein on March 28, 1979, are vacated; and it is

FURTHER ORDERED, by the Court, that the Clerk shall enter forthwith a new judgment in accordance with the opinion for the Court on rehearing, filed herein this date.

MacKINNON, Circuit Judge:

*Opinion on Rehearing.* Our unanimous opinion in this case, filed on March 28, 1979, involved concurrent sentences of five years and two years respectively imposed under 18 U.S.C. § 922(g)(1), § 924(a) and 18 U.S.C. App. § 1202(a)(1) for substantially the same single offense. We held that the rule of lenity and the statutory arrangement required that the judgment of conviction resting on § 922(g)(1), § 924(a), should be vacated because it called for more severe punishment than § 1202(a)(1) permitted for the identical offense.

The United States Attorney thereafter filed a Petition for Rehearing because of the pendency in the Supreme Court of *U. S. v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 from the Seventh Circuit. We accordingly held action on the petition in abeyance awaiting the Supreme Court decision. *U. S. v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755, 1979 was decided shortly after we received subject petition and we thereafter received supplemental memoranda from the parties that address the petition for rehearing. They analyze the decision in *Batchelder* and suggest the effect of that decision on the disposition we must make of this case. We begin by granting the Petition for Rehearing and then consider the effect of *Batchelder* upon our disposition of *Girst.*

In *Batchelder*, the accused, a previously convicted felon, was convicted on a single count charging a violation of 18 U.S.C. § 922(h) for "receiving a firearm that had travelled in interstate commerce" and was sentenced under § 924(a) to *five years* imprisonment. On appeal the Court of Appeals for the Seventh Circuit found an ambiguity between the statute authorizing that sentence and § 1202(a) which provided for a maximum term of *two years* for substantially identical offenses. The Seventh Circuit then proceeded to direct the replacement of the five year sentence with a two year sentence. 581 F.2d at 636. On review in the Supreme Court, a unanimous opinion failed to find any ambiguity in the two statutes, or any constitutional issue, and upheld the validity of all the statutes involved and ordered reinstatement of the five year sentence.

In reaching its ultimate conclusion in *Batchelder* the Supreme Court held that a defendant convicted of a violation of § 922(h) is properly sentenced under § 924(a) even though he also violated § 1202(a) but was not charged thereunder; that the statutes were not ambiguous, there was no implied repeal and no alternative interpretation was fairly presented; that the substantive statutes operate independently of each other; that no rule of law requires that a defendant convicted under § 922(h) cannot be sentenced to a term in excess of the maximum term provided by § 1202(a); that the statutes unambiguously specify the offenses and the penalties and are not void for vagueness; that the statutes do not impermissibly delegate legislative responsibility to fix criminal penalties to the Executive Branch; and that the prosecutorial discretion which the statutes place in the United States Attorney is not sufficiently unfettered to violate the Equal Protection or Due Process Clauses because such choices generally rest in prosecutorial discretion and a defendant has no constitutional right to choose between which of two applicable statutes he will be prosecuted or sentenced.

In *Batchelder* the Supreme Court analyzed the two statutes:

While §§ 922 and 1202(a) both prohibit convicted felons such as petitioner from receiving firearms, [ ] each Title unambiguously specifies the penalties available to enforce its substantive proscriptions. Section 924(a) applies without exception to "[w]hoever violates any provision" of Title IV, and § 922(h) is patently such a provision. See 18 U.S.C., ch. 44; 82 Stat. 226, 234; S.Rep.No.1097, 90th Cong., 2d Sess., 20–25, 117 (1968). Similarly, because Title VII's substantive prohibitions and penalties are both enumerated in § 1202, its penalty scheme encompasses only criminal prosecutions brought under that provision. On their face, these statutes thus establish that § 924(a) alone delimits the appropriate punishment for violations of § 922(h).

That Congress intended to enact two independent gun control statutes, each fully enforceable on its own terms, is confirmed by the legislative history of the Omnibus Act. Section 922(h) derived from § 2(f) of the Federal Firearms Act of 1938, 52 Stat. 1251, and § 5 of that Act authorized the same maximum prison term as § 924(a). 52 Stat. 1252. Title IV of the Omnibus Act merely recodified with some modification this "carefully constructed package of gun control legislation," which had been in existence for many years. *Scarborough v. United States*, 431 U.S. 563, 570 [97 S.Ct. 1963, 1966, 52 L.Ed.2d 582] (1977); see *United States v. Bass*, 404 U.S., at 343 n. 10 [92 S.Ct. 515, at 520 n. 10]; 15 U.S.C. §§ 902, 905 (1964 ed.).

442 U.S. 119, 99 S.Ct. 2201; Footnote omitted.

The Court also pointed to the wide range of prosecutorial discretion:

This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants ... [Cases omitted]. Whether to prosecute and what charge to file or bring before a grand jury are decisions

that generally rest in the prosecutor's discretion . . . [Cases omitted].

More importantly, there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact standing alone does not give rise to a violation of the Equal Protection or Due Process Clauses. Cf. *Rosenberg v. United States*, 346 U.S., at 294 [73 S.Ct. 1152, at 1163] (Clark, J., concurring); *Oyler v. Boles*, 368 U.S., at 456 [82 S.Ct. 501, at 505]. Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced. See U.S.Const., Art. II, §§ 2, 3; 28 U.S.C. §§ 515, 516; *United States v. Nixon*, 418 U.S., at 694 [94 S.Ct. 3090, at 3100].

442 U.S. 125, 99 S.Ct. 2204–05.

It is obvious from the above extracts from *Batchelder* that such decision requires a modification of our prior opinion. Since the Supreme Court has held that there is no ambiguity in the two statutes and no implied repeal of § 922(h), § 924 by § 1202(a)(1), and that the Government may prosecute under either statute, we cannot strike down the judgment of conviction based on § 922(g)(1), § 924 because a harsher sentence was authorized.

On the other hand *Batchelder* was not charged with, and convicted on, two counts, as here. He was only charged with one count, that arising under 18 U.S.C. § 922(h),[1] prohibiting certain persons from receiving any firearm which has been transported in interstate commerce.

*Girst* is thus not a carbon copy of *Batchelder* since Girst was charged with violations of both § 922(g)(1) and § 1202(a) and was convicted and sentenced on *both* counts which involved offenses embodying essentially the same elements. Our original opinion, *supra*, applied the rule of lenity and vacated the judgment on count one based on § 922(g)(1), § 924(a) because the statute there permitted a more severe sentence than § 1202. This left standing among Counts One and Two only the judgment on Count Two based on § 1202(a) with its lesser sentence of two years. As to these two statutes *Batchelder* ruled with respect to the offenses arising under § 922(h) and § 1202(a)(1),[2] which overlap each other in much the same manner as the offenses here involving § 922(g)[3] and

---

1. 18 U.S.C. § 922(h) provides:
   (h) It shall be unlawful for any person—
   (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   (2) who is a fugitive from justice;
   (3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954) or
   (4) who has been adjudicated as a mental defective or who has been committed to any mental institution;
   to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2. 18 U.S.C. Appendix 1202(a)(1) provides:
   (a) Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

3. 18 U.S.C. § 922(g) provides:
   (g) It shall be unlawful for any person—
   (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   (2) who is a fugitive from justice;
   (3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Fed-

§ 1202(a)(1), that "the Government may prosecute under *either* [criminal statute] ... [the choice] generally rest[s] in the prosecutor's discretion...." *U. S. v. Batchelder, supra.* *Batchelder* thus prohibits us from applying the rule of lenity to vacate the judgment of conviction carrying the five year sentence under § 924. Accordingly, to the extent that our earlier decision of 1979 may have partially vacated the judgment, we reinstate the judgment of the trial court on Count One involving the conviction and sentence under § 922(g)(1), § 924(a).

However, since *Batchelder* further states that the Government may prosecute under "either" § 922 or § 1202, that indicates that convictions under *both* sentences cannot stand. Thus one of the convictions under § 924 or § 1202 must be vacated. The United States Attorney had the prosecutional discretion to choose to proceed under *either* statute but he did not exercise such election. Instead he proceeded and obtained convictions under *both* statutes. We therefore follow the procedure outlined in *U. S. v. Dorsey,* 591 F.2d 922 (D.C.Cir.1978) and *U. S. v. Shepard,* 515 F.2d 1324, 1336 (D.C.Cir.1975), and remand Counts One and Two to the District Court with instructions "to vacate in its discretion one or the other" of the two gun related federal convictions. 591 F.2d at 937. In exercising its discretion to vacate the judgment of conviction on one of those counts, an Eighth Circuit opinion by Judge Stephenson, in a substantially similar case held that the court is not required to vacate the judgment carrying the most severe punishment. 591 F.2d 1076 (8th Cir. 1979). Which conviction will be vacated is within the discretion of the trial court.

Girst also attacks his conviction on Count Three which charges a violation of D.C. Code § 22–3204. We fully discussed and disposed of his contentions with respect to

eral Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954); or

(4) who has been adjudicated as a mental defective or who has been committed to a mental institution;

this count in part III of our opinion of March 28, 1979 in this case which appears above. We affirm the judgment of conviction on Count Three for the reasons set forth in part III and incorporate said part III herein by reference.

The judgments on Counts One and Two are remanded to the district court for disposition in accordance with the foregoing opinion.

*Judgment accordingly.*

to ship or transport any firearm or ammunition in interstate or foreign commerce.