**UNITED STATES of America, Appellee,**

v.

**John H. TAYLOR, Appellant.**

**No. 79–2411.**

United States Court of Appeals, Third Circuit.

Dec. 3, 1980.

Samuel J. Reich, Gefsky, Reich & Reich, Pittsburgh, Pa., for appellant.

Paul J. Brysh, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before GIBBONS, WEIS and SLOVITER, Circuit Judges.

## OPINION ON REMAND FROM THE SUPREME COURT

GIBBONS, Circuit Judge.

John H. Taylor appealed to this court from a judgment imposing separate sentences following his conviction for violating 18 U.S.C. § 922(h)(1) (receipt of a firearm by a person under indictment) and 18 U.S.C. App. § 1202(a)(1) (unlawful possession of a firearm). He was given a two year sentence on each count. The district court suspended execution of sentence on the receipt count, imposing five years probation to commence upon Taylor's release from custody on the possession count. Taylor contended on appeal to this court that he could not be punished cumulatively and consecutively for both receipt and possession of the same firearm. The government, relying on the Supreme Court's discussion of § 922(h) and § 1202(a) in *United States v. Batchelder,* 442 U.S. 114, 119–20, 99 S.Ct. 2198, 2201-02, 60 L.Ed.2d 755 (1979), urged that Congress intended cumulative punishments. This panel was persuaded, and affirmed by judgment order on June 10, 1980. Taylor petitioned for certiorari, and on September 17, 1980 the Solicitor General confessed error. In his memorandum to the Supreme Court he noted that neither the language nor the legislative history of the two sections conclusively answered the question whether unlawful receipt followed by continuous possession could be punished

consecutively. He observed, however, that it was unlikely that Congress so intended. On his recommendation the writ of certiorari was granted, our judgment vacated, and the case remanded for further proceedings in light of the government's present position.

Although the Solicitor General's memorandum is not entirely clear on the matter, we understand the government's position to be that receipt and continuous possession thereafter constitutes a single offense for which only a single sentence may be imposed. In light of that position the judgment appealed from must be vacated and the case remanded to the district court for resentencing.