UNITED STATES of America, Plaintiff-Appellee,

v.

Michael Rena GRIFFIN, Defendant-Appellant.

No. 82–7256

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 20, 1983.

Thomas E. Baddley, H.P. Massie, Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Robert J. McLean, Jack W. Selden, Asst. U.S. Attys., Birmingham, Ala., for plaintiff-appellee.

Before HILL, KRAVITCH and HEN-DERSON, Circuit Judges.

PER CURIAM:

Michael Griffin was convicted of three counts of various firearms violations, sentenced to thirteen years' imprisonment, and fined $5,000. The convictions stem from the seizure of a Browning pistol, a sawed-off shotgun, and six additional firearms from Griffin's business premises. Finding no merit in any of the contentions raised by the appellant, we affirm.

Griffin argues that the district court committed several errors in its jury instructions. Griffin first objects to the court's defining "barrel" as "the distance from the bolt face to the open end of the barrel." Griffin contends that the shotgun barrel should be measured over its entire length, including the non-functional portion which merely serves to attach the functional barrel to the stock. 26 U.S.C. § 5861(d) (1976) makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." The definition of a firearm includes a shotgun having a barrel less than eighteen inches in length. 26 U.S.C. § 5845(a)(1) (1976). The regulations, 27 C.F.R. § 179.11 (1982), state that "the length of the barrel on a shotgun or rifle shall be determined by measuring the distance between the muzzle and the face of the bolt, breech, or breech-lock when closed and when the shotgun or rifle is cocked." We conclude that the trial court correctly defined barrel length and left the factual determination of the length of the shotgun barrel in question to the jury.

Griffin also argues that the district court erred in not instructing the jury that a defendant must have travelled with the weapon in interstate commerce to violate 18 U.S.C.App. § 1202(a)(1) (1976). We conclude that the district court correctly instructed the jury that the firearm must have moved in interstate commerce prior to defendant's possession. *Scarborough v. United States,* 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1977).

Griffin raises two other objections to the trial judge's instructions. He argues that the district judge erroneously instructed the jury that constructive possession can constitute a violation of 18 U.S.C.App. § 1202(a)(1). We disagree and hold that under 18 U.S.C.App. § 1202(a)(1), possession may be either actual or constructive. *See United States v. Smith,* 591 F.2d 1105, 1107 (5th Cir.1979). Finally, Griffin objects to the trial court's instructing the jury as to aiding and abetting in the absence of a specific charge in the indictment. The government need not cite the aiding and abetting statute in the indictment to obtain a conviction on this theory. *United States v. Munoz,* 681 F.2d 1372, 1375 (11th Cir.), *modified on other grounds,* 692 F.2d 116 (11th Cir.1982).

Griffin mentions in his statement of the issues that the trial court erred in allowing the government to charge in the conjunctive and prove in the disjunctive. The law is well established, however, that where an indictment charges several means of violation of the statute in the conjunctive, proof of only one of the means is sufficient to convict. *United States v. Haymes,* 610 F.2d 309, 310–11 (5th Cir. 1980).

Griffin argues on appeal that the district court erred in refusing to give a special verdict instruction. Since Griffin's counsel did not contemporaneously object to the district court's refusal, we must view his challenge under the plain error standard. *United States v. Roberson,* 650 F.2d 84, 87 (5th Cir.), *cert. denied,* 454 U.S. 1100, 102 S.Ct. 675, 70 L.Ed.2d 642 (1981); Fed.R. Crim.P. 52(b). Griffin initially requested a special verdict so that it would be clear that the jurors agreed as to which of the six firearms, if fewer than all, formed the basis for a violation of 18 U.S.C.App. § 1202(a)(1). The district judge indicated that a special verdict was unnecessary be-

cause he would instruct the jurors that they would have to agree on all essential elements of the offense with respect to at least one of the six firearms. Griffin did not object to this course of action. Special verdicts in criminal jury trials are generally disfavored. *United States v. Shelton,* 588 F.2d 1242, 1251 (9th Cir.1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2822, 61 L.Ed.2d 275 (1979). We conclude that the trial court's instructions adequately protected Griffin's interest and that the refusal to give a special verdict instruction did not constitute plain error.

Griffin claims that the government failed to prove "receipt" of the firearm under 18 U.S.C. § 922(h)(1) as charged in count one. He argues that the government has only proved possession. This contention lacks merit. In viewing the sufficiency of the evidence, we determine whether a reasonable trier of fact could find that the evidence, viewed in the light most favorable to the government, establishes guilt beyond a reasonable doubt. *United States v. Harper,* 680 F.2d 731, 736 (11th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 229, 74 L.Ed.2d 182 (1982). "Receipt," under 18 U.S.C. § 922(h), is interpreted broadly and includes any knowing acceptance or taking of possession of a firearm. *United States v. Lipps,* 659 F.2d 960, 962 (9th Cir.1981). The court charged that "receive" means more than simple possession and means "to get, to take, to acquire, [or] be the recipient of" at a particular time prior to March 22, 1982, and that the receipt was or took place in Jefferson County, Alabama.

Griffin knowingly accepted and took possession of the firearm at his place of business in Birmingham, Alabama between January 6, 1982 and March 22, 1982. Under 18 U.S.C. § 922(h), proof of the specific date of the crime is not an essential element so long as it is shown to have occurred after the felony conviction, within the statute of limitations, and before the indictment. *United States v. Francisco,* 575 F.2d 815, 818 (10th Cir.1978); *see also United States v. Grapp,* 653 F.2d 189, 195 (5th

Cir.1981). Griffin was indicted on May 6, 1982, while his prior felony conviction occurred on June 2, 1978. Additionally, the statute of limitations was clearly met. We conclude that the government presented sufficient evidence to convict Griffin of violating 18 U.S.C. § 922(h).

Having disposed of all of the issues raised by the appellant, the judgment of the district court is

AFFIRMED.