**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ricky Darvin MARTIN,
Defendant-Appellant.**

No. 83–1017.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 5, 1984.

Decided April 19, 1984.

Roger J. Hymen, Salinger, Gignillian, Hymen & Zamparo, P.C., Chicago, Ill., for defendant-appellant.

Joel V. Merkel, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before ESCHBACH, POSNER and COFFEY, Circuit Judges.

ESCHBACH, Circuit Judge.

Little is disputed in this criminal appeal. Both parties agree that one of the defendant's two convictions on firearm charges must be vacated. The only question is whether the receipt conviction, 18 U.S.C. § 922(h), or the possession conviction, 18 U.S.C.App. § 1202(a), should stand. Holding that the answer to this question is committed to the sound discretion of the district court, we remand the case to the district court to vacate either conviction.

## I.

On September 16, 1982, the defendant, a previously convicted felon, was seen carrying a rifle down Lafayette Street in Anna, Illinois. He was stopped by the police, who recovered from the defendant a .22 caliber rifle. The defendant was subsequently charged with possessing a firearm, 18 U.S.C.App. § 1202(a), and receiving the same firearm, 18 U.S.C. § 922(h).

The evidence at trial revealed that the rifle was manufactured by O.F. Mossberg and Sons in North Haven, Connecticut. The rifle was made for Western Auto Supply Company and shipped to one of its warehouses outside of Connecticut.[1] The weapon somehow made its way to the defendant's sister's home in Anna, Illinois. The defendant acquired the rifle from his sister on September 16, 1982, the day that he was arrested.

The jury found the defendant guilty on both counts. The district court sentenced the defendant to five years on the receipt charge (§ 922(h)) and two years on the possession charge (§ 1202(a)). The sentences are to run concurrently.

## II.

On appeal, the government acknowledges that one of the defendant's convictions must be vacated. After receiving the rifle, the defendant's possession was continuous until his arrest. Neither the language nor the legislative history of sections 922(h) and 1202(a) indicates that Congress intended to punish cumulatively the receipt and continuous possession of a firearm. *See United States v. Taylor*, 635 F.2d 232, 233 (3d Cir.1980); *accord United States v. Conn*, 716 F.2d 550, 552 (9th Cir.1983); *United States v. Girst*, 645 F.2d 1014, 1017 (D.C.Cir.1979); *United States v. Larson*, 625 F.2d 67, 69 (5th Cir.1980).

The government urges us to hold that, pursuant to a different set of facts, convictions under both statutes could stand. We, of course, will not render such an advisory opinion. We resolve present controversies and the only currently viable issue is whether we should select the conviction to be vacated. The government maintains that the possession conviction (§ 1202(a)) must be vacated because possession is a lesser included offense of receipt (§ 922(h)).

We do not agree that possession is a lesser included offense of receipt; rather, the offenses are the same. "Receipt" under § 922(h) has been defined broadly as "any knowing acceptance or taking of possession." *See United States v. Griffin*, 705 F.2d 434, 437 (11th Cir.1983). Accordingly, one cannot possess a firearm without receiving it. And when received, a firearm is necessarily possessed. Nevertheless, the government argues that the offenses diverge when the concept of venue is considered. That is, although possession en-

---

**1.** These facts sufficiently establish the interstate commerce nexus required by the statutes. *See Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977) (§ 1202(a)); *Barrett v. United States*, 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976) (§ 922(h)).

tails receipt, the receipt might have oc-curred in a district other than the one in which the possession charge is prosecuted.

Venue, however, "is not an essential fact constituting the offense charged." *United States v. Powell*, 498 F.2d 890, 891 (9th Cir.), *cert. denied*, 419 U.S. 866, 95 S.Ct. 121, 42 L.Ed.2d 103 (1974); *accord United States v. Massa*, 686 F.2d 526, 530 (7th Cir.1982). An objection to venue may therefore be waived, *see United States v. Bohle*, 445 F.2d 54, 58 (7th Cir.1971), and the government need prove venue only by a preponderance of the evidence. *See United States v. Kampiles*, 609 F.2d 1233, 1239 (7th Cir.1979), *cert. denied*, 446 U.S. 954, 100 S.Ct. 2923, 64 L.Ed.2d 812 (1980). Indeed, Federal Rule of Criminal Procedure 18 disconnects venue from substantive offenses by defining proper venue as "the district in which the offense was committed."

We have discovered no compelling reason to vacate one, instead of the other, conviction. We will thus follow the procedure of other circuits and remand the case to the district court to exercise its discretion and vacate one of the firearm convictions. *See United States v. Girst*, 645 F.2d 1014, 1017 (D.C.Cir.1979); *United States v. Larson*, 625 F.2d 67, 69 (5th Cir.1980). Resentencing on the remaining count is permitted, though not mandated.[2] *See United States v. Harris*, 729 F.2d 441, 449 (7th Cir.1984).

### III.

The case is remanded for proceedings consistent with this opinion.

---

**2.** Because maximum sentences were imposed on both counts, this case does not present the issue whether a sentence on one count may be enhanced after a conviction on another count is vacated on appeal.