**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 97-4406

DOUGLAS M. BROOKS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 97-4709

DOUGLAS M. BROOKS,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge; Richard L. Williams,
Senior District Judge.
(CR-97-29)

Submitted: March 17, 1998

Decided: April 21, 1998

Before WIDENER and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bruce E. Welch, Roanoke, Virginia, for Appellant. Helen F. Fahey, United States Attorney, N. George Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Douglas M. Brooks appeals from his convictions for transporting, possessing, buying, selling, or transferring distilled spirits in containers without proper closures, in violation of 26 U.S.C. §§ 5301(d), 5604(a)(1) (1994) (Count One), and purchasing, receiving, or processing distilled spirits, knowing or reasonably believing that the tax due on the spirits had not been paid, in violation of 26 U.S.C. § 5601(a)(11) (1994) (Count Two). On appeal, he challenges the sufficiency of the indictment, the sufficiency of the evidence, a purported variance between the indictment and the evidence, and the propriety of the jury instructions. He also asserts claims of ineffective assistance of trial counsel. Brooks has filed a pro se motion to dismiss his retained counsel and to stay action on the appeal until he can obtain new counsel. We deny Brooks' motion and affirm his convictions.

On September 19, 1996, while returning to Franklin County, Virginia, from Richmond, Special Agent James Beheler of the Virginia Department of Alcoholic Beverage Control recognized a Ford van registered to Brooks. Beheler knew that the van had a modified suspension system, which caused the rear of the van to sit much higher than the front. On that day, the rear of the van sat "quite a bit lower" than it had when Beheler previously saw it, and it appeared to be carrying a heavy load. Beheler called for assistance from local law enforcement officials and followed the van, which Theresa Turner

2

was driving, and in which Brooks was a passenger. After the van came to a stop, Special Agent Beheler stopped, got out of his car, and approached the van. As he approached, the driver of the van opened the door. Beheler, although still twenty yards away, immediately detected the distinctive odor of illegal whiskey.

The officers obtained consent to search the van, and when they opened the rear of the van, they discovered 363 plastic milk-gallon containers filled with what was later determined to be illegal, untaxed, 76.4 proof moonshine whiskey. A red cloth partition separated the passenger area of the van from the cargo area. The officers removed the containers from the van, sliced them open, and poured the contents out onto the ground. One full gallon container was retained intact for evidentiary purposes.

The plastic containers were capped with twist-off tops, similar to those on milk jugs. When the container was opened, a small ring portion of the cap would remain on the container, but this part could be removed easily. At trial, an agent of the regulatory enforcement division of the Bureau of Alcohol, Tobacco and Firearms ("ATF") testified that for a proper closure, it must be necessary to break the closure when opening the container. In addition, a portion of the closure must remain on the container and must be incapable of being removed.

## I. Challenges to the Indictment

The words in the indictment must alert the defendant to the elements of the offense so as to notify him of the charges against him. See Fed. R. Crim. P. 7(c)(1); United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990) (indictment use of "knowingly" rather than "intentionally" adequate). We find that the words used in the indictment adequately alerted Brooks to the elements of the charged crimes; therefore, the indictment was sufficient. Id. ; see also United States v. Cobb, 905 F.2d 784, 790 (4th Cir. 1990) (sufficiency of indictment is determined by practical, not technical, considerations). Although Count Two charged "possession," rather than purchasing, receiving, or processing of distilled spirits, we find no error. See United States v. Griffin, 705 F.2d 434, 437 (11th Cir. 1983) (in context of firearms offenses, "`[r]eceipt . . . is interpreted broadly and includes any knowing acceptance or taking of possession.") (citing United States v.

3

Lipps, 659 F.2d 960, 962 (9th Cir. 1981)); United States v. Martin, 732 F.2d 591, 592 (7th Cir. 1984) (possession not a lesser included offense of receipt; they are the same). Because Brooks could not have possessed the distilled spirits without having purchased, received, or processed the spirits, the indictment charging "possession" was not defective.

II. Jury Instructions and Sufficiency of the Evidence

Brooks challenges the district court's reply to a jury question in which he stated that the law applicable to closures requires that the part of the cap on a container of distilled spirits which remains on the container cannot be removed. He asserts that the law only requires that a part break off when the container is opened and that a portion remain, not that the portion which remains cannot be removed. The regulation applicable to closures provides:

> [c]losures or other devices on containers having a capacity of one gallon (3.785 liters) or less shall be <u>securely affixed</u> to the containers so as to leave a portion remaining on the container when the container is opened. In addition, the closures or other devices shall be constructed in such a manner as to require that they be broken to gain access to the contents of the containers.

27 C.F.R. § 19.662 (1997) (emphasis added). The containers in which Brooks was transporting the distilled spirits were similar to plastic milk jugs, and the caps were plastic twist-off caps similar to those on milk jugs. The caps on milk containers usually must be broken to gain access to the contents, and the closure is affixed so as to leave a portion remaining on the container when the container is opened. However, because the plastic ring that remains on a milk jug when it is opened is easily removed, the closure on a milk jug is not "securely affixed" as required by 27 C.F.R. § 19.662. Therefore, we find no error in the district court's instruction to the jury that "the requirement in law is that that part that breaks off cannot be removed."

Brooks also contends that the evidence was insufficient to support his conviction. In reviewing a jury verdict, this court considers whether, taking the evidence in the light most favorable to the govern-

4

ment, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Here, the jury was presented with evidence that Brooks was a passenger in his van, which was being driven by Turner, his live-in girlfriend. The van's cargo area contained a substantial load (363 gallons of illegal distilled spirits weighing about 2880 pounds), such that the rear of the van sat much lower than usual. The distinctive odor of illegal whiskey was pervasive and was detectible from twenty yards away from the opened driver's door. And the cargo area of the van was separated from the passenger area by a cloth partition. We find this evidence sufficient to support the jury's verdict that Brooks was guilty of Count One of the indictment.

As to Count Two, Brooks asserts that the judge improperly instructed the jury that they could find him guilty if they find that he possessed the distilled spirits, having reason to believe that the tax due had not been paid, where the statute penalized processing, purchasing, or receiving such spirits. He further contends that the evidence, showing mere possession, was insufficient to support his conviction under § 5601(a)(11), which penalizes purchasing, receiving, or processing the distilled spirits. As discussed earlier in connection with Brooks' challenge to the language in the indictment, Brooks could not have possessed the distilled spirits without having purchased, received, or processed the spirits. See Martin, 732 F.2d at 592; Griffin, 705 F.2d at 437. Therefore, we find that the judge properly instructed the jury as to the elements for a conviction under Count Two. Further, the evidence that Brooks was in his own van, which contained a strong odor of alcohol in containers without proper closures, was sufficient to support his conviction for violating § 5601(a)(11). See 26 U.S.C. § 5601(a)(11); Glasser, 315 U.S. at 80.

III. Ineffective Assistance of Counsel

Brooks also seeks to assert a number of claims of ineffective assistance of trial counsel. Claims of ineffective assistance of counsel should be raised by motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), in the district court and not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not

5

provide effective representation. <u>See United States v. Ford</u>, 88 F.3d 1350, 1363 (4th Cir.), <u>cert. denied</u>, #6D 6D6D# U.S. ___, 65 U.S.L.W. 3359 (U.S. Nov. 18, 1996) (No. 96-6379). Because the record before us does not conclusively show that counsel rendered ineffective assistance, we do not address these claims.

In conclusion, we affirm Brooks' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6