[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11159
Non-Argument Calendar
_____

D. C. Docket No. 04-00328-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH C. LAMB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 13, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Kenneth C. Lamb appeals his conviction and 200-month sentence for

possession of a firearm and ammunition by a convicted felon, in violation of 18

U.S.C. §§ 922(g), 924(e).  During the trial, the government presented evidence that: (1) pursuant to a traffic stop in Florida, law enforcement officers recovered a handgun and two bullets from Lamb's possession; (2) the handgun was manufactured in California; (3) the ammunition was manufactured in Idaho and assembled in Minnesota; and (4) "somehow" the firearm and ammunition traveled to Florida.  Lamb requested that the court instruct the jury that the government must show that his conduct bore a substantial relation to interstate commerce, explaining that this Court's recent holding in United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004), vacated, 126 S.Ct. 321 (2005), dictated such an instruction. The court refused Lamb's request and instructed the jury that it must find, beyond a reasonable doubt, "that the defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce."  It also instructed that:

> [t]he term 'interstate commerce' includes the movement of a firearm
> or ammunition between any place in one state and any place in
> another state.  It is not necessary for the [g]overnment to prove that
> the defendant knew that the firearm had moved in interstate commerce
> before he possessed it, only that it had made such movement.

It further instructed that "[a]ny verdict that you reach in the jury room, whether its guilty or not guilty, must be unanimous."  The verdict form described the offense as "being a felon in possession of a firearm or ammunition," and the jury found Lamb guilty.  Lamb was sentenced, as an armed career criminal, to 200 months'

2

imprisonment.

## I. Sufficiency of the Evidence

On appeal, Lamb first contends that the district court erred by denying his motion for judgment of acquittal because the government failed to prove that either the firearm or the ammunition was manufactured outside of Florida. He argues that there was no evidence as to: (1) whether the markings on the firearm, indicating the location of the manufacturer, were original, and when and by whom they were placed on the firearm; (2) whether the serial number on the firearm was correct; (3) whether the ammunition actually was made by Federal Cartridge; and (4) what database was used to determine where the ammunition was manufactured, how reliable it was, and whether or not anyone other than the government had access to it. In addition, Lamb argues that, unlike in United States v. McAllister, 77 F.3d 387 (11th Cir. 1996), where there was evidence that the firearm had been shipped out of state, and United States v. Scott, 263 F.3d 1270 (11th Cir. 2001), where there was testimony that the firearm had moved in interstate commerce, here, there was no evidence of any connection to interstate commerce, because the evidence showed only that the items "somehow" had made their way to Florida. Lamb concedes that United States v. Dupree, 258 F.3d 1258 (11th Cir. 2001), is authority to the contrary.

"Whether sufficient evidence was presented at trial to support [an] appellant['s] conviction[] is a question of law subject to de novo review." United States v. Diaz, 248 F.3d 1065, 1084 (11th Cir. 2001). We "review[] the sufficiency of the evidence to determine whether a reasonable jury could have concluded that the evidence established the appellant['s] guilt beyond a reasonable doubt." Id. "The evidence is viewed in the light most favorable to the government and all reasonable inferences and credibility determinations are made in the government's favor." Id. To establish a violation of § 922(g)(1), the government must show, inter alia, that the firearm or ammunition possessed "was in or affected interstate commerce." United States v. Funches, 135 F.3d 1405, 1406-07 (11th Cir. 1998).

In McAllister, we held that § 922(g) requires only a minimal nexus to interstate commerce. 77 F.3d at 390. We concluded that evidence that a gun manufactured in California and shipped to South Carolina was sufficient to establish the nexus. McAllister, 77 F.3d at 390. Likewise, in Scott, we held that testimony that the firearm possessed by the defendant was manufactured in California and had moved in interstate commerce to Georgia, where the defendant was arrested with it, was sufficient to establish nexus to interstate commerce. Scott, 263 F.3d at 1274. Finally, in Dupree, we held that the government can establish § 922(g)'s element of interstate commerce by showing that the defendant

4

possessed a firearm that was manufactured out of state. Dupree, 258 F.3d at 1260.

The evidence that the firearm and the ammunition were manufactured outside of Florida, the items made their way to Florida, and Lamb possessed the firearm, containing the ammunition, in Florida, was sufficient under current precedent to establish the interstate commerce nexus.

## II. Constitutional Challenges to § 922(g)

Lamb next argues that because his purely intrastate possession of the firearm did not affect in any way the interstate firearms market, his conviction falls outside of Congress's commerce power. He also contends that § 922(g) is facially invalid, because it: (1) does not purport to regulate commerce, but instead regulates the possession of an otherwise lawful item; (2) does not contain an express jurisdictional link to interstate commerce; and (3) does not require that the possession substantially affect interstate commerce. Although Lamb acknowledges that we previously have upheld the constitutionality of § 922(g), he argues that our recent decision in Maxwell significantly altered our precedent concerning Congress's power under the Commerce Clause.

A constitutional challenge to § 922(g) is a question of law reviewed de novo. Dupree, 258 F.3d at 1259. Section 922(g)(1) makes it unlawful for any person

> who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in

5

interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. 922(g)(1). Pursuant to the Commerce Clause, Congress permissibly may regulate (1) the use of the channels of interstate commerce, (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce, and (3) activities with a "substantial relation to interstate commerce." United States v. Lopez, 514 U.S. 549, 558-59, 115 S.Ct. 1624, 1629-30, 131 L.Ed.2d 626 (1995). We have rejected the argument that § 922(g)(1) exceeds Congress's Commerce Clause power, reasoning that the felon-in-possession statute has an express jurisdictional element, which would "ensure" that the firearm possession in question affects interstate commerce. McAllister, 77 F.3d at 389-90.

In Maxwell, we decided an as-applied constitutional challenge to 18 U.S.C. § 2252A, which criminalizes the knowing possession of materials depicting a minor engaging in sexually explicit conduct if those materials were shipped or transported in interstate or foreign commerce, or were produced using materials that have been mailed or shipped or transported by any means including a computer. Maxwell, 386 F.3d at 1052-53. There, we held that the defendant's mere intrastate possession of images that were saved on disks, which had traveled from out of state before they contained illegal images, was "noneconomic and

6

noncommercial in nature" and did not "substantially affect interstate commerce." Maxwell, 386 F.3d at 1054, 1067. The Supreme Court, however, recently vacated and remanded Maxwell for further consideration in light of Gonzales v. Raich, ___ U.S. ___, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) (holding that Congress may regulate the intrastate, noncommercial cultivation, possession, and use of marijuana as an essential part of a larger regulatory scheme), and therefore it no longer is good law. See Maxwell, 126 S.Ct. 321 (2005). In addition, under our prior precedent rule, "a panel cannot overrule a prior one's holding even though convinced it is wrong." United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc).

Because we have previously rejected the argument that § 922(g)(1) exceeds Congress's Commerce Clause power, Lamb's facial and as-applied constitutional challenges fail.

### III. Jury Instructions

Lamb next argues that because§ 922(g) can be constitutionally enforced only if his activity bore a "substantial relation" to interstate commerce, the district court erred by refusing to instruct the jury as such. Lamb also contends that because the indictment charged him in the conjunctive (with possessing the firearm and the ammunition), the district court erred by not instructing the jury that it was required

7

to agree unanimously that he possessed either the firearm or the ammunition or both. He points out that the jury instructions and the verdict form both used the disjunctive, allowing the jury to convict him either by finding that he possessed the firearm or that he possessed the ammunition. He argues that because the jurors were not instructed that they had to agree on the actual object that he was guilty of possessing, it was possible that some jurors voted to convict him based on his possession of the firearm, and others on his possession of the ammunition, and, that the general unanimity instruction given to the jury did not cure the defect.

*a. Interstate Commerce Nexus*

We review for an abuse of discretion a district court's rejection of a proposed jury instruction. United States v. Garcia, 405 F.3d 1260, 1273 (11th Cir. 2005). "The district court has broad discretion in formulating jury instructions as long as those instructions are a correct statement of the law." Id.

Because Lamb's proposed instruction regarding the interstate commerce nexus was not a correct statement of the law, the district court did not abuse its discretion by refusing it.

*b. Unanimous Verdict*

Because Lamb failed to request a specific unanimity instruction, we will review this issue only for plain error. See United States v. Verbitskaya, 406 F.3d

8

1324, 1334 (11th Cir. 2005). Under plain error review, we may, at our discretion, correct an error where (1) an error occurred, (2) the error was plain, (3) the error affects substantial rights, and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-79, 123 L.Ed.2d 508 (1993) (internal quotations and citations omitted). "Jury instructions will not be reversed for plain error unless the charge, considered as a whole, is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice, or the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Starke, 62 F.3d 1374, 1380-1381 (11th Cir. 1995) (internal quotations omitted).

"[A] jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element." Richardson v. United States, 526 U.S. 813, 817, 119 S.Ct. 1707, 1710, 143 L.Ed.2d 985 (1999). "[W]here an indictment charges several means of violation of the statute in the conjunctive, proof of only one of the means is sufficient to convict." United States v. Griffin, 705 F.2d 434, 436 (11th Cir. 1983). We have declined to find plain error in the district court's failure to give a unanimity instruction, where the district court specifically instructed the jury that the verdict must be unanimous. United States v. Gonzalez, 122 F.3d 1383, 1388 n.5 (11th Cir. 1997).

9

Because the district court instructed the jury that any verdict that it reached must be unanimous and also told the jury that it must find, beyond a reasonable doubt, that Lamb knowingly possessed a firearm *or* ammunition in or affecting interstate commerce, the jury was aware that, to find Lamb guilty, it unanimously had to find, beyond a reasonable doubt, that Lamb possessed a firearm, or that he possessed ammunition, and any error in the court's failure to give a specific instruction as to unanimity did not constitute reversible plain error.

IV.  Armed Career Criminal Enhancement

Finally, Lamb argues that the enhancement of his sentence, pursuant to the Armed Career Criminal Act ("ACCA"), violated his Sixth Amendment right to a jury trial, under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny.  He acknowledges that in Apprendi the Supreme Court, pursuant to its holding in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), excepted prior convictions from the rule that any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt but suggests that the authority of Almendarez-Torres has become questionable in light of recent Supreme Court jurisprudence.

Because Lamb failed to lodge any objection to his sentence, we will review

this issue only for plain error.  See  United States v. Orduno-Mireles, 405 F.3d 960,

961 (11th Cir. 2005), cert. denied, 126 S.Ct. 223 (2005).  The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has
> three previous convictions by any court . . . for a violent felony or a
> serious drug offense, or both, committed on occasions different from
> one another, such person shall be fined under this title and imprisoned
> not less than fifteen years.

18 U.S.C. § 924(e).

In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond the prescribed

statutory maximum must be submitted to a jury, and proved beyond a reasonable

doubt."   530 U.S. at 490, 120 S.Ct. at 2362-63.  Accordingly, "[t]he government

need not allege in its indictment and need not prove beyond a reasonable doubt that

a defendant had prior convictions for a district court to use those convictions for

purposes of enhancing a sentence." United States v. Marseille, 377 F.3d 1249,

1257 (11th Cir.),  cert. denied, 125 S.Ct. 637 (2004).

In United States v. Booker, 543 U.S. ___, ___, 125 S.Ct. 738, 749-51, 160

L.Ed.2d 621 (2005), the Supreme Court held that the mandatory nature of the

Sentencing Guidelines rendered them incompatible with the Sixth Amendment's

guarantee of a right to a jury trial.  The Supreme Court, however, reaffirmed its

holding in Apprendi: "Any fact (other than a prior conviction) which is necessary

11

to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at ___, 125 S.Ct. at 756. After Booker, we held that the decision in Almendarez-Torres was "left undisturbed by Apprendi, Blakely, and Booker," and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

Recently, in Shepard v. United States, 543 U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), a plurality of the Supreme Court explained that, while a dispute over whether a burglary was a violent felony for purposes of the ACCA could be "described as a fact about a prior conviction, it [was] too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)] and Apprendi, to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute." Shepard, ___ U.S. at ___, 125 S.Ct. at 1262. After Shepard, we noted that we still will follow Almendarez-Torres, although Shepard "may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005), cert. denied, 126

12

S.Ct. 457 (2005).  Further, in <u>Orduno-Mireles</u>, we reiterated our view that the Supreme Court, in <u>Booker</u>, "left undisturbed its holding in <u>Almendarez–Torres</u>[], that recidivism is not a separate element of an offense that the government is required to prove beyond a reasonable doubt."  <u>Orduno-Mireles</u>, 405 F.3d at 962. Indeed, we have held that "<u>Almendarez–Torres</u> remains the law until the Supreme Court determines that <u>Almendarez–Torres</u> is not controlling precedent," and that it was not plain error for the district court to apply it.  405 F.3d at 963.

Because, pursuant to <u>Almendarez-Torres</u>, a district court does not violate the Sixth Amendment when it enhances a defendant's sentence based on prior convictions, the district court did not commit plain error by doing so.

Upon careful review of the record and consideration of the parties' briefs, we discern no reversible error.  Accordingly, we affirm Lamb's conviction and sentence.

**AFFIRMED.**

13